# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### WASHINGTON v. WASHINGTON.

#### November 17, 1910.

#### Absent, Cardwell, J.

1. DIVORCE—*Desertion—Proof.*—Wherever there is an actual breaking off of matrimonial cohabitation, coupled with the intent to desert in the mind of the offender, in such case desertion is established; long continued absence without detaining cause being the most potent means of proving the intent to desert.

Appeal from a decree of the Circuit Court of Rockingham county.   Decree for defendant.   Complainant appeals.

*Reversed.*

The opinion states the case.

*George G. Herring*, for appellant.

No appearance for the appellee.

HARRISON, J., delivered the opinion of the court.

This bill was filed by Ida A. Washington to obtain a divorce from her husband, Henry Washington, on the ground of desertion.

The statute provides that where either party wilfully deserts or abandons the other for three years, a divorce from the bond of matrimony may be decreed (Code, 1904, sec. 2257) ; and further provides that where desertion is the ground, the husband or wife may testify.   Code, 1904, sec. 3346a.

The uncontradicted evidence in this case shows that without cause the defendant has abandoned his wife continuously for five or six years; that during that time he has not cohabited with her, and has contributed nothing toward her support, but has left her to shift for herself, although she has endeavored to induce him to return and live with her. We are of opinion that these facts constitute such proof of desertion as entitles the appellant to a decree of divorce from the bond of matrimony. Wherever there is an actual breaking off of matrimonial cohabitation, combined with the intent to desert in the mind of the offender, in such case desertion is established, long continued absence without detaining cause being the most potent means of proof of the intent to desert. *Harris* v. *Harris*, 31 Gratt. 13, 29; *Latham* v. *Latham*, 30 Gratt. 307; *Carr* v. *Carr*, 22 Gratt. 168; *Bailey* v. *Bailey*, 21 Gratt. 43.

The circuit court having denied the divorce, its decree must be reversed and the cause remanded for a decree to be entered in conformity with this opinion.

*Reversed.*