JOHNSON V. JOHNSON.

June 10, 1915.

1. DIVORCE—*Desertion—Witnesses—Competency of Husband and Wife.*—Under the statute of this State, wilful desertion or abandonment for a period of three years is ground for divorce from the bond of matrimony, and in such case the husband or wife may testify. In the case in judgment such abandonment within the meaning of the statute has been abundantly proved. The husband abandoned his wife for a period of more than three years, with the avowed purpose of not returning to her. During that period he has not cohabited with her, has made no effort to resume marital relations, and has contributed nothing to her support.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for the defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*E. A. Bilisoly,* for the appellant.

No counsel for the appellee.

BY THE COURT:

This bill was filed by Essie H. Johnson to obtain a decree of divorce from her husband, Eugene W. Johnson, on the ground of desertion.

The case has been regularly matured by proper service upon the defendant who has failed to appear or make any defense to the allegations of the bill. The statute provides that when either party wilfully deserts or abandons the

other for three years, a divorce from the bond of matrimony may be decreed (Code, 1904, sec. 2257) ; and further provides that where desertion is the ground, the husband or wife may testify. Code, 1904, sec. 3346-a.

The uncontradicted evidence in this case abundantly shows that, without adequate cause, the defendant has abandoned his wife continuously for more than three years, with the declared purpose of not returning to her; that during that time he has not cohabited with her, has had no communication with her, has made no effort to have her resume marital relations; and has contributed nothing to her support. These facts constitute such proof of desertion as entitled the plaintiff to a decree of divorce from the bond of matrimony. *Washington* v. *Washington,* 111 Va. 524, 69 S. E. 322; *Lee* v. *Lee,* 112 Va. 719, 72 S. E. 689.

The circuit court having denied the divorce, its decree must be reversed and the cause remanded for a decree to be entered in conformity with this opinion.

*Reversed.*