## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### WALKER V. WALKER.

#### January 11, 1917.

1. DIVORCE—*Desertion.*—Testimony that a wife left of her own accord; that her husband gave her no cause to leave him; "that she just got tired, and decided to leave, and left," will not warrant a divorce *a vinculo matrimonii.*

2. DIVORCE—*What Constitutes Desertion.*—The desertion, to justify a decree for an absolute divorce, must be a willful desertion, and the court to which the evidence is submitted can only determine whether or not such desertion is willful by having all the facts and attendant circumstances fully and frankly presented.

3. DIVORCE—*Evidence of Desertion.*—The evidence in a suit for divorce for desertion should show all of the circumstances immediately preceding the separation; such as, whether the departure was secret or open, whether it was accompanied by any threat to remain away or by promises to return, and every other pertinent declaration or circumstance to enable the court to determine whether or not the desertion was willful. It should also show the events immediately succeeding the separation, such as the efforts, if any, to ascertain the new place of residence of the consort complained of, as well as the efforts at reconciliation, if any, of either of the parties. The policy of the law is against divorce by consent, and if the sanctity of the marriage tie is to be preserved and divorces by consent prevented, full and satisfactory evidence should be required, so that the court may determine the legal questions involved from the facts presented, and a decree for an absolute divorce for desertion should not be granted unless the evidence proves willful desertion without justification or excuse.

Appeal from a decree of the Corporation Court of the city of Danville. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Harry Wooding, Jr.,* for the appellant.

No appearance for the appellee.

PRENTIS, J., delivered the opinion of the court.

This is an appeal from a decree denying the prayer of the appellant for a decree of divorce *a vinculo matrimonii.*

The allegation of the bill is that the appellee "willfully abandoned and deserted the appellant without just cause or excuse therefor, and still continues in such desertion and abandonment."

The evidence is meagre and consists of the deposition of the appellant, to the effect that his wife left him of her own accord; that he gave her no cause to leave him; that she just got tired and decided to leave and left; that he provided for her support while they were living together; that she left about four years prior to the time he testified; and that the last place of her residence that he knew of was North Carolina.

Another witness, who it appears was less than twenty-one years of age at the time of the occurrence as to which he testifies, says that she left him without any cause, so far as he knows; that she just left him because she wanted to; and that so far as he knew the husband gave her no cause for doing so.

Another witness testified that he always thought that he made her a good husband and provided for her the best he could, but 'she seemed to have got tired of him and just left' for no cause that he knew of.

Upon this testimony the judge of the lower court was of opinion that the evidence was not sufficient to entitle the plaintiff to the decree which he prayed for.

We agree with this conclusion. The desertion to justify a decree for an absolute divorse must be a willful desertion, and the court to which the evidence is submitted can only determine whether or not such desertion is willful by having all the facts and attendant circumstances fully and frankly presented. It is difficult to find an event which stands alone entirely unconnected with previous events. The evidence in such a case should show all of the circumstances immediately preceding the separation—such as, whether the departure was secret or open, whether it was accompanied by any threat to remain away or by promises to return, and every other pertinent declaration or circumstance to enable the court to determine whether or not the desertion was willful. It should also show the events immediately succeeding the separation, such as the efforts, if any, to ascertain the new place of residence of the consort complained of, as well as the efforts at reconciliation, if any, of either of the parties. The policy of the law is against divorce by consent, and if the sanctity of the marriage tie is to be preserved and divorces by consent prevented, full and satisfactory evidence should be required, so that the court may determine the legal questions involved from the facts presented, and a decree for an absolute divorce for desertion should not be granted unless the evidence proves willful desertion without justification or excuse.

A separation by mutual consent, or because of the fault of either of the parties, may be just as well inferred from the evidence submitted in this case as a desertion by the wife, and it falls far short of proving the allegations of the bill.

For these reasons the decree complained of will be affirmed.

*Affirmed.*