## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### GOOD V. GOOD.

#### November 15, 1917.

1. DIVORCE — *Desertion* — *Sufficiency of Evidence.*—In a suit for divorce from bed and board on the ground of desertion, the divorce should be granted where the unimpeached and uncontroverted evidence showed that the defendant abandoned his wife without sufficient cause, telling her "that he was going away and did not want to have anything more to do with her, and would not ask her to live with him again;" and, that the only reason assigned by him for deserting his wife was that she had contracted an account in the neighborhood for food and clothing. It also appeared that, although defendant lived in the same county with plaintiff until a short time before the taking of the depositions in the case, he made no effort to communicate with her by word or letter; that he was personally served with process in the suit, but neither appeared nor answered the bill, nor introduced any evidence in his own behalf.

Appeal from a decree of the Circuit Court of Rockingham county, dismissing complainant's bill for a divorce.

*Reversed.*

The opinion states the case.

*Charles A. Hammer*, for the appellant.

No appearance for the appellee.

WHITTLE, P., delivered the opinion of the court.

This is a suit by the appellant against the appellee for a divorce from bed and board, for the wilful desertion of the wife by the husband for a less period of time than three years. The circuit court was of opinion that the charge of desertion was not sustained; and that the evi-

dence indicated that the appellee left with the consent and approval of appellant and her father and mother, if not under actual compulsion.

We cannot concur in this view of the evidence. To the contrary, we think the charge of wilful desertion is fully proved by the uncontradicted testimony of Arabella Good, the wife, and that of C. H. Baugher and Alice Baugher, her father and mother. The defendant, so far as the record shows, abandoned his wife, without sufficient cause, on August 17, 1915, and this suit was not brought until May, 1917. He departed, taking with him his clothing, and telling his wife that he was going away and did not want to have anything more to do with her, and would not ask her to live with him again. The only reason he assigned for deserting his wife was that she had contracted an account in the neighborhood for food and clothing. "He got angry about her making that account, and said she bought things she did not need." He refused to pay the account, which was subsequently paid by Mrs. Baugher.

Defendant lived in the same county with the plaintiff until within a short time before the taking of the depositions in the case, but made no effort to communicate with his wife by word or letter, and has since removed to another county. He was personally served with process in the suit, but neither appeared nor answered the bill, nor did he introduce any evidence in his own behalf. In this state of the case we do not feel at liberty to ignore the uncontroverted and unimpeached testimony of these witversed, and this court will enter such decree as the circuit desertion.

For these reasons, the decree complained of must be reversed, and this court will enter such decree as the circuit court ought to have made granting the appellant, Arabella Good, a divorce from bed and board of her husband, John P. Good, on the ground of desertion for less than three years.

*Reversed.*