## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GRIM V. GRIM.

### November 20, 1919.

1. DIVORCE—*Desertion—Sufficiency of Evidence.*—The policy of the law is against divorce by consent. A preservation of the sanctity of the marriage tie demands that there shall be full and satisfactory proof of wilful desertion without justification or excuse before a divorce on this ground shall be granted.

2. DIVORCE—*Desertion—Evidence—Case at Bar.*—In the instant case the evidence was by depositions. Complainant, the wife, testified that at the time of the separation her husband stated that he "was gone for good and would never return," and that upon her seeking a reconciliation he refused to listen to her appeals. Upon the question of her own exemption from fault, her husband's mistreatment and neglect of her, her efforts to bring about an adjustment of their differences, and his rejection of her overtures, the wife was strongly corroborated by the testimony of apparently disinterested third persons, well acquainted with the parties.

*Held:* That while it might have been conducive to a fuller development of the facts if the court had required, as it might have done under the provisions of the act of March 13, 1914 (Acts 1914, p. 154), that the testimony, or at least the more important parts of it, be given *ore tenus* in open court, complainant had established a case entitling her to a divorce from the bonds of matrimony.

Appeal from a decree of the Circuit Court of Page county. Judgment for defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*R. S. Parks,* for the appellant.

No appearance for the appellee.

KELLY, J., delivered the opinion of the court.

This is an appeal from a decree refusing Mrs. Maude Grim an absolute divorce from her husband, William Grim, on the ground of willful desertion and abandonment.

The parties were married in Maryland, May 6, 1899. They were both residents of Stanleytown, Page county, Virginia, and after the marriage continued to reside there and at other points in Virginia until about 1906, when they went to Washington, D. C. They lived together there until 1912, when the separation took place. The defendant remained in Washington for two years, and then returned to Stanleytown, Virginia, where he has ever since resided.

Process was duly served and the bill was filed at the first November rules, 1918. The defendant did not answer, and offered no evidence. The complainant took a number of depositions, including her own, which seem to us to sufficiently show that she was a good and faithful wife, and gave her husband no just cause for desertion; that he was neglectful, cross and disagreable in the home, and was a man of intemperate and dissolute habits; that at the time of the separation he stated to her that he "was gone for good and would never return;" that he subsequently stated to third persons that he would never live with her again; and that when his wife went to see him in Virginia for the purpose of effecting a reconciliation, which she did as soon as she was satisfied that he would not voluntarily return, he refused to listen to her appeals.

[1] The learned judge of the circuit court was of opinion that the "evidence is entirely consistent with a separation by mutual consent because of mutual disgust." If we could take this view of the case, we would unhesitatingly affirm

the decree. The policy of the law is against divorce by consent. A preservation of the sanctity of the marriage tie demands that there shall be full and satisfactory proof of willful desertion without justification or excuse before a divorce on this ground shall be granted. *Walker* v. *Walker*, 120 Va. 410, 412, 91 S. E. 180. In that case, Judge Prentis, in delivering the opinion said: "The evidence in such a case should show all of the circumstances immediately preceding the separation—such as, whether the departure was secret or open, whether it was accompanied by any threat to remain away or by promises to return, and every other pertinent declaration or circumstance to enable the court to determine whether or not the desertion was willful. It should also show 'the events immediately succeeding the separation, such as the efforts, if any, to ascertain the new place of residence of the consort complained of, as well as the efforts at reconciliation, if any, of either of the parties."

In the instant case there was no witness present at the final separation, and apparently none when Mrs. Grim sought a reconciliation with her husband in Virginia, but her statements in these particulars seem to us frank and full; and as to her own exemption from fault, his mistreatment and neglect of her, the efforts on her part to bring about an adjustment of their differences, and his rejection of her overtures, she is strongly corroborated by the testimony of apparently disinterested third persons who were well acquainted with the parties and their surroundings.

[2] It might have been conducive to a fuller development of the facts if the court had required, as it might have done under the provisions of the act of March 13, 1914 (Acts 1914, p. 154), that the testimony, or at least the more important parts of it, be given *ore tenus* in open court. Be this as it may, complainant, in our opinion, has established a case entitling her to a divorce from the bonds of matrimony.

The complainant waived any claim for alimony, but did ask for counsel fees and for custody of the only child of the marriage. These latter features of the case were not presented to us. Naturally they were not considered by the circuit court because of the conclusion reached by it as to the divorce. We will enter a decree here granting the prayer of the bill for divorce, and remanding the cause for such further orders as the circuit court may deem proper in regard to counsel fees and custody of the child.

*Reversed.*