# Richmond.

## A. B. BLACK v. BARBARA L. BLACK.

### November 16, 1922.

1. DIVORCE—*Desertion—Constructive and Actual Desertion—Inconsistency in Complainant's Testimony— Case at Bar.*—In the instant case, a suit for absolute divorce by a husband against his wife for wilful abandonment, the record disclosed that after the depositions had been taken, the court, under section 5109, Code of 1919, required the testimony to be given orally in open court. The testimony of the complainant husband given in open court differed materially from that which he had given by deposition. The fair inference to be drawn from what he testified to in his deposition was that there was an actual desertion of him by his wife, whereas in open court he testified to facts which, if true, doubtless entitled him to a divorce for constructive desertion. In his deposition he admitted that his wife remained in the county, but forgot or suppressed the fact that it was he who actually left the home, and that she continued to reside in the home for two years after he had moved away.

   *Held:* That this inconsistency in the husband's testimony discredited his case, and a decree denying him relief would not be disturbed on appeal.

2. DIVORCE—*Public Policy—Uncorroborated Testimony of the Parties.*—The policy of the law is against divorce, and the Code of 1919, section 5106, in terms provides that "the bill shall not be taken for confessed, nor shall a divorce be granted on the uncorroborated testimony of the parties or either of them."

3. DIVORCE—*Corroboration—Trial Judge who Heard the Witnesses the best Judge as to their Credibility—Case at Bar.*—In the instant case, a suit for divorce by a husband against his wife on the ground of desertion, there was no convincing corroboration of the more serious charges made by the complainant, and a fair consideration of the record left the mind in doubt as to whether or not the complainant had established the allegations of his bill. Under these circumstances, the trial judge having heard and seen the complainant and other witnesses when they testified, was in a better position than the appellate court to judge of the credibility of their testimony.

4. DIVORCE—*Desertion—Burden of Proof—Sufficiency of Proof.*—In a suit by a husband for divorce on the ground of desertion, the burden is on

the complainant to show with fair certainty by full and satisfactory evidence that his wife has wilfully deserted or abandoned him. The evidence in such case should show all the circumstances immediately preceding and succeeding the separation.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*John W. Morrison* and *Charles A. Hammer*, for the appellant.

No appearance for the appellee.

PRENTIS, J., delivered the opinion of the court.

The appellant filed his bill for an sbsolute divorce from his wife, the appellee, alleging her wilful abandonment of him without just cause or excuse for more than six years prior to the institution of his suit.

The defendant, the appellee, has made no appearance either here or in the trial court.

The cause was heard upon depositions duly taken, as well as on oral testimony; whereupon the trial court entered the decree complained of which denied the relief prayed for and dismissed the bill.

[1, 2] The record discloses that after the depositions had been taken, the court, under Code, section 5109, required the testimony to be given orally in open court. Several of the witnesses were thus examined in the presence of the judge, and the testimony of certain of the witness which had been previously taken was not required to be repeated. It is notable that the testimony of the complainant husband, given in open court, differs

materially from that which he had given by deposition. The fair inference to be drawn from what he testified to in his deposition is that there was an actual desertion of him by his wife, whereas in open court a constructive desertion is relied upon, to the effect that because she had previously severed all intimate relations with him and occupied a separate room; expressed her contempt for him and became neglectful of him in his sickness; refused to prepare his meals for him; frequently went to Washington to see some of her children who lived there, over his protest and against his consent; and that he was afraid she would poison him; therefore he left his home in which they had long lived together, and that by her reprehensible conduct she forced him to leave their joint residence.  He admits, however, in the examination before the court, that she remained in this home for two years thereafter.  This inconsistency discredits his case.  While in his original deposition he does admit that she remained in the county, he forgot or suppressed the fact that it was he who actually left home, and that she continued to reside in his home for two years after he had moved away.  He testifies to facts which, if true, doubtless entitle him to a divorce for her constructive desertion, but the policy of the law is against divorce, and Code, section 5106, in terms provides that "the bill shall not be taken for confessed, nor shall a divorce be granted on the uncorroborated testimony of the parties or either of them."

[3] There is no convincing corroboration of the more serious charges made by the complainant, and a fair consideration of the printed record leaves the mind in doubt as to whether or not the plaintiff has established the allegations of his bill.  Under these circumstances, the trial judge having heard and seen the complainant and several of his other witnesses when they testified,

was in a better position than we are to judge of the credibility of their testimony.

[4] The complainant has failed to carry the burden of showing with fair certainty that his wife has wilfully deserted or abandoned him, and in this state of the record the case is controlled by the rule stated in *Walker* v. *Walker*, 120 Va. 410, 91 S. E. 180.  No two cases are precisely similar.  The general principles governing such cases have been recently stated in *Dinsmore* v. *Dinsmore*, 128 Va. 403, 104 S. E. 785, and *Ringgold* v. *Ringgold*, 128 Va. 485, 104 S. E. 836, 12 A. L. R. 1383.

For the reasons indicated we will resolve our doubts in favor of the decree of the trial court which denied the divorce.

*Affirmed.*