## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉,

MARIE BYERLY v. FRANKLIN LEE BYERLY.

November 17, 1927.

1. DIVORCE—*Husband and Wife—Privileged Communications.*—In the instant case, a suit for divorce by a wife against her husband on the ground of desertion, the trial court excluded from consideration as privileged all communications between the husband and wife, although they were all oral and made for the most part in the presence of third parties.

   *Held:* That the court erred in excluding this evidence.

2. DIVORCE—*Desertion by Husband—What Constitutes Desertion.*—In the instant case, a suit by a wife against her husband for divorce on the ground of desertion, the evidence disclosed that the wife was practically driven from her husband's abode, which was with his father and mother, and that he repulsed repeated attempts to return, and appeals to be taken back, on the part of the wife.

   *Held:* That under such circumstances the desertion was clearly established.

3. APPEAL AND ERROR—*Divorce and Alimony—Right to Alimony Waived by Wife—Costs and Attorney's Fees on Reversal of Decree for Husband—Case at Bar.*—In the instant case, a suit by a wife for divorce, the right to a decree allowing alimony was waived. The circuit court denied appellant, the wife, a divorce. In reversing this decree the Supreme Court of Appeals required the appellee, the husband, to pay the costs and an attorney's fee to appellant's counsel.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*D. Wampler Earman* and *D. O. Dechert,* for the appellant.

*Geo. N. Conrad,* for the appellee.

CHICHESTER, J., delivered the opinion of the court.

This is an appeal by Marie Byerly from a final decree of the Circuit Court of Rockingham county, denying appellant a divorce *a mensa et thoro* upon a charge of desertion on the part of her husband, Franklin Lee Byerly, appellee.

The cause was heard upon the bill and answer and depositions taken on behalf of the appellant. There was no evidence adduced on behalf of appellee nor was any effort made to deny any of the facts established by the evidence taken on behalf of the appellant.

The trial court, of its own motion, apparently, excluded from consideration as privileged, all communications between the husband and wife, although they were all oral and made for the most part in the presence of third parties, but held that even though the excluded evidence be considered the charge of desertion was not established.

[1] We cannot agree with the conclusion of the learned chancellor either as to his action in excluding the evidence (*Bailey* v. *Bailey,* 21 Gratt. [62 Va.] 43; *Grim* v. *Grim,* 126 Va. 245, 101 S. E. 140; *Ringgold* v. *Ringgold,* 128 Va. 485, 104 S. E. 836, 12 A. L. R. 1383), or as to the sufficiency of the evidence to support the charge of desertion.

[2] The evidence discloses that the appellant was practically driven away from the husband's abode, which was with his father and mother, and that he repulsed repeated attempts to return, and appeals to be taken back, on the part of appellant. Without detailing this evidence, it is sufficient to say that under such circumstances the desertion is clearly established

and this case is controlled by the decisions in *Washington* v. *Washington*, 111 Va. 524, 69 S. E. 322; *Lee* v. *Lee*, 112 Va. 719, 72 S. E. 689; *Lamb* v. *Lamb*, 126 Va. 256, 101 S. E. 223; *Grim* v. *Grim*, 126 Va. 245, 101 S. E. 140; *Isgett* v. *Isgett*, 126 Va. 599, 101 S. E. 788.

The decree of the circuit court is reversed, a decree will be entered here in accordance with the prayer of the bill, and the cause remanded to the circuit court for such future action with reference to enlargement of the divorce *a mensa*, here granted, into a divorce *a vinculo* as the facts may hereafter entitle appellant to.

[3] The right to a decree allowing alimony being waived, the appellee is adjudged to pay the costs of this proceeding and a fee of $200.00 to counsel for appellant.

*Reversed.*