# Richmond

CHLOE PHIPPS v. ARVIL PHIPPS.

November 12, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*G. Mark French*, for the appellant.

No appearance for the appellee.

BROWNING, J., delivered the opinion of the court.

This is a suit for divorce based on the charges of desertion and adultery.

The record before us consists of a bill filed by Chloe Phipps, the wife, complainant, against Arvil Phipps, the husband, defendant, the depositions of witnesses taken in behalf of the complainant and certain exhibits, filed with the bill. There appears to have been no defense by the defendant except the cross-examination of the complainant's witnesses by his attorney.

The trial court by its decree of April 13, 1935, dismissed the complainant's bill at her costs with the observation that she was not entitled to the relief prayed for.

This decree recites, in part, that the cause was heard upon the answer and cross bill of the defendant, which was also dismissed at the costs of the defendant. We do not find in the record such answer and cross bill. Thus the case is before us upon an incomplete record.

This may not be of sufficient moment to require a dismissal of the case as improvidently before us.

There appears in the pamphlet containing the record a copy of a bill filed in an independent suit instituted some three years before the suit in judgment by the husband, Arvil Phipps, against his wife for an absolute divorce based on the charge of adultery. There is also a copy of an answer filed by the defendant wife, which seems to have been treated as a cross bill, and properly so, and also an answer filed by the plaintiff to the cross bill.

There is nothing to indicate how these papers become a part of the present record (if they do) and what their relevancy is.

It is enough to say that the record, proper, and the papers referred to, show the existence of a very unhappy marital state. There are charges of the basest nature by each party against the other. There is crimination and recrimination.

If the parties were divorced the ends of society would perhaps be better served but the courts cannot make cases for the parties or supply the necessary elements even to attain a worthy purpose.

In our opinion the plaintiff has failed to prove either of the charges made in her bill.

■ There is no proof of the charge of adultery against her husband. At most there are shown only some circumstances which cast a shadow of suspicion.   .

As to the charge of desertion we have only the testimony of the plaintiff that her husband, in a rude and violent manner drove her away from his house in the nighttime. This, and the circumstances, are not corroborated. The testimony is vague and meager and really proves nothing except an unfortunate domestic state.

■ This court has held in a number of cases that full and satisfactory evidence of desertion should be required, so that the court may determine the legal questions involved from the facts presented, and a decree for an absolute divorce for desertion should not be granted unless the evidence proves willful desertion without justification or excuse. See *Walker* v. *Walker*, 120 Va. 410, 91 S. E. 180; *Grim* v. *Grim*, 126 Va. 245, 101 S. E. 140; *Reynolds* v. *Reynolds*, 68 W. Va. 15, 69 S. E. 381, Ann. Cas. 1912A, 889; Michie's Code of Virginia, section 5106.

We affirm the decree of the trial court.

*Affirmed.*