# Richmond

## DORIS BOWMAN V. CLETUS B. BOWMAN.

October 12, 1942.

Record No. 2623.

Present, All the Justices.

The opinion states the case.

*Charles A. Hammer, Jr.*, for the appellant.

No appearance for the appellee.

EGGLESTON, J., delivered the opinion of the court.

Doris Bowman filed a bill in the court below seeking a divorce *a mensa et thoro* from her husband, Cletus B. Bowman, on the ground of desertion. Code, section 5104. There was no prayer for alimony or counsel fees. Process was

served on the defendant who failed to appear or make any defense to the allegations of the bill. Upon consideration of the depositions submitted on behalf of the wife (none having been taken on behalf of the husband), the lower court entered a decree reciting that "the evidence does not justify the relief prayed for" and dismissing the bill. From this decree the wife has appealed.

The brief evidence discloses these facts: The couple was married on April 16, 1927, and two boys were born of this union. On March 3, 1940, the husband, without cause, wilfully abandoned and deserted his wife, stating that he was leaving but giving no excuse for his doing so. While on previous occasions he had deserted her, in each instance, presumably after a short time, he had returned home and the marital relations were resumed. From the date of the last desertion until the completion of the depositions in the latter part of November, 1941, a period of approximately twenty months, he had failed to return to his wife, had made no effort to resume the marital relations, and had contributed nothing to her support. Since the wife's employment prevents her giving proper care and attention to the children, they are now making their home with their paternal grandfather who is willing and in a position to adequately maintain and care for them. The testimony of the wife is corroborated by that of several neighbors and friends.

In our opinion these facts constitute such proof of desertion as entitle the appellant wife to the relief prayed for. The facts are quite similar to those in *Johnson* v. *Johnson,* 117 Va. 504, 85 S. E. 475. See also, *Washington* v. *Washington,* 111 Va. 524, 69 S. E. 322; *Lee* v. *Lee,* 112 Va. 719, 72 S. E. 689; *Good* v. *Good,* 122 Va. 30, 94 S. E. 176; *Grim* v. *Grim,* 126 Va. 245, 101 S. E. 140.

Moreover, since these decisions section 5106-a has been added to the Code. See Acts 1938, ch. 242, p. 382. This new section dispenses with the necessity of alleging or proving an offer of reconciliation in suits for divorce upon the ground of abandonment or desertion as required in

*Sussman* v. *Sussman*, 158 Va. 382, 385, 386, 163 S. E. 69; *Inman* v. *Inman*, 158 Va. 597, 603, 604, 164 S. E. 383, and cases there cited.

The decree of the lower court is reversed. A decree will be entered here in accordance with the prayer of the bill granting the appellant, Doris Bowman, a divorce *a mensa* from her husband, Cletus B. Bowman, and the cause will be remanded to the circuit court for such future action with reference to enlargement of the divorce *a mensa* here granted into a divorce *a vinculo* as the facts may justify. *Byerly* v. *Byerly*, 149 Va. 53, 55, 140 S. E. 121.

*Reversed.*