## Richmond

ERNEST B. MILLER v. ARLENE DAVIS MILLER.

January 17, 1955.

Record No. 4308.

Present, Hudgins, C.J., and Eggleston, Spratley, Buchanan, Miller and Smith, JJ.

The opinion states the case.

*Wharton, Aldhizer & Weaver*, for the appellant.

*Julian K. Hickman*, for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The appellant, Ernest B. Miller, brought this suit for divorce *a mensa et thoro* from his wife, Arlene Davis Miller, on the ground of desertion. Code § 20-95. The court below was of opinion that the evidence he offered was in-

sufficient to support the charge but tended rather to prove a separation by mutual consent and accordingly denied the divorce and dismissed the bill.

The defendant was personally served with process but filed no answer and offered no evidence. She was likewise served with notice of the taking of depositions and was represented by counsel when they were taken, but her counsel did not cross-examine complainant's witnesses nor did he appear on this appeal.

The complainant is a doctor of medicine practicing in the town of Elkton, Rockingham county, where he and his wife made their home after their marriage on November 4, 1942. At the time of their separation he was sixty-two years old and she was thirty-nine. There were no children of the marriage. He testified that she willfully and without cause deserted and abandoned him on August 21, 1953; that at different times during the past four or five years she had threatened to leave him; that she did leave on one occasion and stayed away approximately two weeks until he brought her back home; that on the night of August 21, 1953, she left his home with her sister, Mrs. Lam, sometime before ten o'clock and before he returned from his office work, taking all of her clothing with her; that the next afternoon Mr. Lam, defendant's brother-in-law, brought his truck and a helper and moved all of her personal property and some of his out of the house. The defendant was present when this was done and said she was moving to the home of her sister, Mrs. Lam. Miller testified that she had never been back to his home since then and that was the last time he had seen her.

The complainant's son, also a doctor, testified that on the day his stepmother left he stopped by his father's house and she said she was leaving his father and was not coming back; that she gave no reason for leaving except to say that she was leaving and would not be back, and that so far as he knew she had no reason for leaving.

The defendant's brother-in-law, Reese O. Lam, testified

that the defendant "asked me whether I would move her stuff and she said she and Doc had busted up; and I asked her where she was going to move it to, and she said she had asked my wife to move it to our place; that Doc had give her two or three acres on Route 33 and she was going to build a house and move it all over there. So she stayed with us two or three days after I moved her stuff and then she went to her Dad's." He said that as far as he knew she had no reason to leave her husband.

The man who helped Lam load the truck testified that when they began to carry the things out of the house he said, "What's going on around here? I thought I was only going to help move a couple pieces of furniture. And she [defendant] said, 'I am moving my stuff out from here—I am leaving here.'" "And Doc came in and never said nothing."

Mrs. Lam, defendant's sister, testified that the defendant left Dr. Miller's home with her and that they took some of her personal belongings with them that night.

We cannot agree with the trial court that the only reasonable conclusion from this evidence is that the separation of this couple was prearranged and by mutual consent. On the contrary it establishes, we think, a desertion on the part of the wife which entitles the husband to a divorce. It is true, as the trial court observed, that Dr. Miller voiced no objection to his wife's departure at the time she left, but it was her conduct and purpose and not his state of mind that determined whether there was desertion. He was not required either then or thereafter to make an offer of reconciliation if she in fact deserted him. Code § 20-102.

In the first divorce case to reach this court, *Bailey* v. *Bailey*, 62 Va. (21 Gratt.) 43, 47, it was said: "Desertion is a breach of matrimonial duty, and is composed first, of the actual breaking off of the matrimonial cohabitation, and secondly, an intent to desert in the mind of the offender. Both must combine to make the desertion complete." In the same case it was also stated: "Under our statute, no

particular period is prescribed in which the desertion shall continue to entitle a party to a divorce *a mensa et thoro.*"

In the many cases since that time that rule has not been changed but its application has resulted in a denial or a granting of a divorce according to the facts of each case. In *Walker* v. *Walker*, 120 Va. 410, 91 S. E. 180, cited by the trial court, the husband was denied a divorce because the evidence was too meager. The circumstances of the departure and the accompanying intention of the wife were not shown in that case as they are shown in this case, and the efforts at reconciliation necessary but absent there are now unnecessary under the present statute. In the *Walker* case not enough facts and circumstances were shown to establish that the desertion was willful. Desertion in the case in judgment is shown by direct proof of the act of leaving and of the intention accompanying the act. That being true, it is not essential that the evidence show the reason for the desertion. It may be without reason, as the evidence shows was the case here, and still be desertion.

The facts proved in the present case establish desertion as firmly as do those proved in *Bowman* v. *Bowman*, 180 Va. 200, 22 S. E. (2d) 29, and in the cases cited in that opinion, in which divorces were granted. As said in *Good* v. *Good*, 122 Va. 30, 31, 94 S. E. 176, 177, cited in the *Bowman* case, "we do not feel at liberty to ignore the uncontroverted and unimpeached testimony of these witnesses, all of whom sustain the charge in the bill of willful desertion."

Unhappily there still exists the hardness of heart which the Galilean said was the reason for the presence of the divorce provision in the Mosaic law, Matthew 19:8, and "(W)hen the legislature provides for divorces, it is not for the courts to say they shall not be granted. Their business is to see that they are either allowed or refused, in cases coming before them, in accordance with a cautious but reasonable and just interpretation and application of the statute." *Ringgold* v. *Ringgold*, 128 Va. 485, 496-7, 104 S. E. 836, 840.

The decree appealed from is reversed and the cause is remanded with direction to the circuit court to enter a decree granting to the complainant a divorce *a mensa et thoro* from the defendant, and to take such further proceedings as may be proper with respect to the additional prayers of the complainant's bill.

*Reversed and remanded.*