## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Harry E. Smiley

v.

Ethel C. Smiley

October 19, 1971

By JUDGE A. CHRISTIAN COMPTON

The court has concluded that neither party is entitled to a divorce upon the evidence which has been presented thus far in this suit.

Sufficient corroboration to support the plaintiff's charge of cruelty is lacking. As to the defendant's allegation of cruelty by the plaintiff, not only is there insufficient corroboration of her testimony but her evidence itself fails to establish that the plaintiff has been guilty of such cruelty as will entitle her to a divorce on the ground of constructive desertion.

While it is not necessary that the testimony of the complaining spouse be corroborated on every element stated as a ground of divorce; nevertheless, some evidence of the facts essential to the party's case in addition to his own testimony is essential. Code § 20-99; *Graves* v. *Graves*, 193 Va. 659, 661, 662 (1952). But in a case such as this where it is apparent there is no collusion, the corroboration needs to be only slight. *Ibid.* at page 662.

The parties contradict each other on every incident, and on almost every fact, in this suit. The charges by the plaintiff that the defendant consumed excessive amounts of alcohol, stayed away from home for days at the time, and consorted with other men find no support in the evidence except in the plaintiff's testimony. The claims of the defendant that the plaintiff has physically abused the defendant and has endangered her health by his actions

are not even supported by the defendant's evidence. Of the three independent witnesses, none of them shed any light on the facts relied upon by either party as the basis for the separation. Dr. Saunders, in addition to testifying as to the plaintiff's reputation for truth and veracity, speculated that marital stress would be upsetting to one in the plaintiff's physical condition. Mrs. Faglie testified as to the plaintiff's good reputation for truth. The defendant's daughter observed a portion of the incident of April 23, and she had seen the plaintiff act in an abusive manner toward her mother, but she had never seen him strike her.

The testimony of the plaintiff and defendant shows the existence of an unhappy marital state, and if the parties were divorced the ends of society would probably be better served, but courts cannot make cases for the parties or supply the necessary elements even to attain such a worthy purpose. *Phipps* v. *Phipps*, 167 Va. 190, 191 (1936). The evidence must be "full and satisfactory" to entitle either party to relief and each party has failed to present such evidence in this suit. 167 Va. at 192.