## CIRCUIT COURT OF FAIRFAX COUNTY

Ramsay

v.

Ramsay

October 31, 1990

Case No. (Chancery) 116029

### By JUDGE THOMAS S. KENNY

This case is before the court on Complainant's Exceptions to the Commissioner's Report filed herein. The underlying suit for divorce on the grounds of desertion was commenced on April 27, 1990. The Bill of Complaint alleges that Mr. Ramsay simply disappeared from the marital residence in November, 1988, without explanation and has not been seen or heard from since. On July 26, 1990, Commissioner Jeffrey Fairfield took testimony on various issues and concluded that the complainant was not entitled to a divorce on the grounds of desertion as there was no evidence of "intent to desert" on the part of the defendant. CR at 5. The complainant subsequently filed exceptions to the Commissioner's Report, and on September 28, 1990, this court heard oral argument on those exceptions. The sole question before this court is whether complainant is entitled to a divorce on the grounds of desertion.

The Virginia Supreme Court case of *Graham v. Graham*, 210 Va. 608 (1970), is instructive in resolving this issue. In *Graham*, the Court describes the respective burdens of the complainant and defendant engaged in fault divorce proceedings. Specifically, it is the job of the complainant to prove actual breaking off of matrimonial cohabitation combined with intent to desert. The burden then shifts to the defendant to prove some legal justification for

the desertion. "We do not construe these cases as requiring a plaintiff to establish desertion by a defendant and also to negate every ground or reason which such defendant might have for deserting." *Id.* at 609. Rather, "long continued absence without detaining cause [is] the most potent means of proof of the intent to desert." *Washington v. Washington,* 111 Va. 524, 525 (1919); *cf. Bowman v. Bowman,* 180 Va. 200 (1942).

In this case the defendant has been absent from the marital abode since November 26, 1988, during which time he has failed to communicate with the complainant, resume marital relations with her, or contribute to her support. While it is true that complainant has been unable to explain any reason for her husband's absence, the *Graham* case indicates that it is not her burden to do so.

Having determined that the complainant has carried her burden in proving desertion, I will sustain the exceptions to the Commissioner's Report and enter a divorce for the complainant on the grounds of desertion. The proposed decree submitted by counsel for the complainant has been entered today.