COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Beales and AtLee
Argued by teleconference

MICHAEL J. HILL

v.      Record No. 1113-17-2

BRITTNEY M. THOMAS

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
APRIL 17, 2018

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

Thomas B. Dance (Dance & Waldman, PLLC, on brief), for
appellant.

No brief or argument for appellee.

Michael J. Hill ("husband") appeals the final order of the Circuit Court of Spotsylvania

County (the "circuit court") sustaining a demurrer filed by Brittney M. Thomas ("wife") to his

complaint for divorce on the grounds of desertion.  Husband also assigns error to the circuit

court's award of attorney's fees to wife.

I. BACKGROUND

Husband and wife were married on October 8, 2016.  The parties had one child together.

On February 27, 2017, husband filed for divorce from wife alleging willful desertion as

grounds for a divorce *a mensa et thoro*, pursuant to Code § 20-95.[1]  Husband's complaint

alleged:

> Wife constantly complained that she was unhappy, despite the fact
> that the husband was attentive to the needs of her and the parties[']

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 20-95 states, "A divorce from bed and board may be decreed for cruelty,
reasonable apprehension of bodily hurt, willful desertion or abandonment."

minor child . . . . Wife refused to . . . maintain the marital residence while husband worked to put a roof over everyone's head . . . . Husband's devotion to his family was not enough for the wife, who left the home for the first time in mid-December of 2016, only to return for a few days . . . . Wife then left again for approximately one week in early January of 2017 [returning home on January 10, 2017], only to stay one day, and then she left for good, abandoning the husband and deserting the parties' marriage, on January 11, 2017 . . . . Wife has not returned to the former marital residence, nor has she made any effort to resume the marital relationship and/or reconcile the same, since January 11, 2017 . . . . Since the separation, and despite the fact that the husband assisted in the care and raising of the parties' child daily since her birth . . . wife has unreasonably dictated to the husband the very limited dates and times when he can have custodial time with the parties['] minor child [and] [t]hat as a result of the aforesaid acts of abandonment/desertion and [wife's] unwillingness to facilitate and promote the child's relationship with the father, [husband] avers that no reconciliation of the parties' marital relationship is possible.

Together with his complaint for divorce, husband filed a "motion for pendente lite relief" seeking, among other things, joint legal and physical custody of the parties' minor child, an order that wife contribute to any unreimbursed medical expenses incurred by the child not covered by husband's insurance, an order requiring wife to pay or contribute to all marital debts, and exclusive use of the martial residence. Husband noticed the motion for a hearing on April 5, 2017.

On March 22, 2017, wife filed a demurrer alleging that husband's complaint failed to properly plead willful desertion because it failed to allege that wife intended to desert husband permanently when she left the marital home and failed to claim that the cessation of cohabitation occurred without husband's consent. With respect to wife's intent, wife's demurrer argued that husband failed to include "any statement or evidentiary artifact to point to showing the wife's intent in leaving." With regard to husband's lack of consent, wife's demurrer stated that husband provided no specifics about the cessation of the cohabitation and that he failed to tie together

- 2 -

wife's unhappiness in the marriage with her reason for her leaving. The demurrer also argued that the complaint failed to allege husband's lack of consent because it contained no facts indicating husband "asked the wife not to leave, that he begged her to stay, or anything else," and, without such facts, the complaint failed to state a cause of action for desertion.

On April 5, 2017, at a hearing in the circuit court, wife's counsel argued that her demurrer should be heard prior to husband's motion for *pendente lite* relief. Husband objected, arguing that the demurrer should not be heard because it was never noticed for hearing and there was no law or rule of procedure that required it to be heard prior to a *pendente lite* motion. After considering the arguments of counsel, the circuit court ruled that it would hear wife's demurrer before husband's motion for *pendente lite* relief. The circuit court then set all the pending motions for hearing on April 26, 2017.

At the hearing on April 26, 2017, the circuit court requested that counsel argue the demurrer first. Wife's counsel reiterated the arguments made in her written demurrer – that husband's complaint failed to allege that wife left with the intent to permanently desert husband and that it failed to include facts demonstrating husband's lack of consent. At the conclusion of argument by both counsel on the demurrer, the circuit court sustained the demurrer, finding the facts alleged in the complaint insufficient to support the element of intent. The circuit court also found that the complaint was "insufficient in the consent in that it appears from the pleading and what he says that he acquiesced in the separation at some point before filing this complaint, and that is also an element to consider in the Williams [v. Williams, No. 0197-03-3, 2003 Va. App. LEXIS 541 (Va. Ct. App. Oct. 28, 2003)] case." The circuit court granted husband twenty-eight days to amend the complaint.

On June 12, 2017, the parties again appeared before the circuit court to address wife's motion for entry of order, for attorney's fees, and to dismiss with prejudice. At the hearing,

wife's counsel explained that the circuit court did not reach wife's request for attorney's fees contained in her demurrer and that wife was entitled to attorney's fees and an order dismissing the case with prejudice because husband's counsel delayed matters by not agreeing to allow the circuit court to hear arguments on the demurrer before it heard the *pendente lite* matter. Wife's counsel also argued that husband's counsel delayed the entry of a final order by failing to respond to wife's counsel's communications and by failing to cooperate regarding the language of the final order. The parties' inability to agree on a final order led wife's counsel to ask husband's counsel for dates for a hearing for the circuit court to address the matter. Husband's counsel did not, however, provide any possible dates for a hearing. Instead, husband's counsel informed wife's counsel that husband did not plan to amend his complaint and that wife's counsel should draft an order reflecting the fact that the case was dismissed without prejudice.

Wife argued that she incurred a significant amount of attorney's fees in connection with the matter. Wife's counsel provided the court with an affidavit signed by counsel and a statement of legal fees. In support of her request for attorney's fees, wife argued that husband's case lacked merit and that husband had "the funds for unnecessary legal adventures" while wife did not.

After hearing a response from husband's counsel, who argued, in part, that the circuit court lacked the authority to award attorney's fees under Code § 16.1-278.19, the circuit court ordered that the divorce complaint be dismissed without prejudice. It also awarded wife $4,250 in attorney's fees. Husband's appeal followed.

## II. ANALYSIS

In husband's first two assignments of error, he argues that the circuit court erred by sustaining wife's demurrer. "Because appellate review of the sustaining of a demurrer involves a matter of law, we review the trial court's judgment *de novo*." Hubbard v. Dresser, Inc., 271 Va.

- 4 -

117, 122, 624 S.E.2d 1, 4 (2006) (quoting Glazebrook v. Bd. of Supervisors of Spotsylvania Cty., 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003)). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. We accept as true all facts properly pleaded in the bill of complaint and all reasonable and fair inferences that may be drawn from those facts." Glazebrook, 266 Va. at 554, 587 S.E.2d at 591. "In this context, a plaintiff challenging on appeal the sustaining of a defendant's demurrer by the trial court need show only that the trial court erred in finding that the pleading failed to state a cause of action, and not that the plaintiff would have prevailed on the merits of that cause." Thompson v. Skate Am., Inc., 261 Va. 121, 128, 540 S.E.2d 123, 127 (2001). Husband argues that his complaint adequately alleged wife's intent to desert – and that he did not need to plead his lack of consent to wife's desertion.

## Wife's Intent to Desert

Viewing husband's complaint in this manner, we find that the complaint adequately pled that wife left the marital relationship with the intent to desert. After reciting facts relating to wife's unhappiness, the complaint alleged that wife left the marital home on two prior occasions, only to return for a short period of time. Husband then claims that, on January 11, 2017, wife abandoned and deserted the marriage when "she left for good," apparently taking with her the parties' only child.

In addition, the complaint further states that wife did not return to the residence or make any effort to resume the marital relationship since she left the home – her final departure being approximately a month and a half prior to the date husband's complaint was filed. A spouse's long, continued absence from the martial home, combined with other facts, can create the inference that the spouse left with the intent to desert. Ringgold v. Ringgold, 128 Va. 485, 499-500, 104 S.E. 836, 841 (1920) ("Nor, as a matter of proof, can desertion be inferred against either [party] from the mere unaided fact that they do not live together, *though protracted*

- 5 -

*absence, with other circumstances, may establish the original intent.* (emphasis added)); see also Dinsmore v. Dinsmore, 128 Va. 403, 411, 104 S.E. 785, 787 (1920) ("Wherever there is an actual breaking off of matrimonial cohabitation, combined with the intent to desert in the mind of the offender, in such case desertion is established, long continued absence without detaining cause being the most potent means of proof of the intent to desert." (quoting Washington v. Washington, 111 Va. 524, 525, 69 S.E. 322 323 (1910))). Here, wife's extended absence, taken together with the other facts alleged in the complaint, such as the fact that wife left with the parties' child, implies that wife intended to desert husband when she departed the marital home on January 11, 2017. Therefore, we agree with husband that the circuit court erred in finding that the complaint failed to allege that wife left the marriage with the intent to desert.

<u>Husband's Lack of Consent to Wife's Desertion</u>

We next turn to husband's argument that lack of consent is not an element of desertion, and therefore, that the circuit court erred when it sustained the demurrer based on the complaint's failure to plead facts establishing his lack of consent to her leaving him.

The Supreme Court's opinions in <u>Petachenko v. Petachenko</u>, 232 Va. 296, 350 S.E.2d 600 (1986), and <u>Miller v. Miller</u>, 196 Va. 698, 85 S.E.2d 221 (1955), guide our analysis. In <u>Petachenko</u>, the Supreme Court defined desertion as "a breach of matrimonial duty -- an actual breaking off of the matrimonial cohabitation coupled with an intent to desert in the mind of the deserting party." <u>Petachenko</u>, 232 Va. at 298-99, 350 S.E.2d at 602 (citing <u>Breschel v. Breschel</u>, 221 Va. 208, 211, 269 S.E.2d 363, 365 (1980)). "Once separation and intent to desert have been established, the desertion is presumed to continue until the contrary is shown." <u>Id.</u> at 299, 350 S.E.2d at 602 (citing <u>Bailey v. Bailey</u>, 62 Va. (21 Gratt.) 43, 47 (1871)). Thus, the Court's opinion articulated the two elements necessary to prove desertion: (1) the actual breaking off of the matrimonial cohabitation and (2) the intent to desert in the mind of the deserting party. Once

those two elements have been established, the plaintiff has met his burden and the defendant then carries the burden to establish justification or excuse. See Graham v. Graham, 210 Va. 608, 610, 172 S.E.2d 724, 726 (1970) ("When such desertion is established, the duty of going forward with evidence of justification and excuse then rests on defendant, unless such justification appears from testimony adduced by plaintiff.").

In Miller, the Supreme Court addressed a situation similar to the present case. In that case, Dr. Miller brought a suit for divorce against his wife, Mrs. Miller, on the grounds of desertion. Miller, 196 Va. at 698, 85 S.E.2d at 221. Before the circuit court, Dr. Miller testified that, at various times over the previous four or five years, Mrs. Miller had threatened to leave him and that, on one occasion, she left for approximately two weeks. Id. at 699, 85 S.E.2d at 221. He also testified that, after returning home for a while, Mrs. Miller later left the marital home one day while Dr. Miller was still at work, taking all of her clothing with her. Id. The next afternoon, while Dr. Miller was present, she returned and removed personal property from the house. Id. Dr. Miller stated that Mrs. Miller had not returned since that day. Id. A man who had assisted in moving some of Mrs. Miller's furniture testified that Mrs. Miller told him that she was moving from the home. He also testified that Dr. Miller "came in and never said nothing." Id. at 700, 85 S.E.2d at 222.

The circuit court found that the evidence showed that the couple's separation was prearranged and by mutual consent. Id. On appeal, the Supreme Court reversed, stating, "It is true, as the trial court observed, that Dr. Miller voiced no objection to his wife's departure at the time she left, but *it was her conduct and purpose and not his state of mind that determined whether there was desertion*." Id. (emphasis added). The Supreme Court further stated that

Dr. Miller, as the deserted party, "was not required either then or thereafter to make an offer of reconciliation if she in fact deserted him. Code § 20-102."[2] Id.

Similarly, in the present case, husband's failure to include facts alleging that he begged or pleaded with wife to stay (or to specifically state that he even opposed her leaving) does not render his complaint insufficient as a matter of law. Pursuant to the Supreme Court's decisions in Petachenko and Miller, husband was not required to plead facts regarding his state of mind because only wife's state of mind – her intent to desert – is an element of desertion.[3] Because husband's complaint sufficiently alleged that wife ended their matrimonial cohabitation with the intent to desert – and because husband did not need to allege facts showing his lack of consent to the desertion, the circuit court erred in sustaining wife's demurrer.[4]

---

[2] Code § 20-102 provides, "It shall not be necessary, in any suit for divorce from the bond of matrimony or from bed and board upon the ground of willful desertion or abandonment, to allege or prove an offer of reconciliation."

[3] Husband specifically assigns error to the circuit court's reliance on Williams v. Williams, No. 0197-03-3, 2003 Va. App. LEXIS 541 (Va. Ct. App. Oct. 28, 2003), a memorandum opinion from this Court. We agree with husband that Williams did not create a new element for desertion claims. In Williams, Mrs. Williams filed a suit for divorce from her husband based, in part, on willful desertion. Id. at *9. After the trial court sustained a demurrer to Mrs. Williams's amended complaint, she appealed. This Court affirmed the trial court's ruling – not because Mrs. Williams's amended complaint failed to allege her lack of consent to the desertion but because her complaint included facts which established that the decision to divorce was mutual. Id. at *10. Her amended complaint alleged that "both wife and husband have advised their children, family, and friends that they are getting a divorce." Id. at *4. Thus, Mrs. Williams's complaint, on its face, defeated her cause of action for desertion. In the case before us, however, the facts in husband's complaint do not state or imply that wife's leaving was the result of a mutual decision. Instead, the complaint specifically asserts that wife's desertion had a "substantial negative effect upon the parties' marital relationship" and was the "direct and proximate cause of the dissolution of the parties' martial relationship."

[4] Because we reverse the circuit court's ruling on the demurrer and remand for a full hearing on the merits of husband's complaint, we do not need to reach husband's third assignment of error (i.e., that the "trial court erred in refusing to undertake a [p]endente [l]ite hearing on April 5, 2017. . . as there is no requirement . . . [under Virginia law] that the Court dispense with [d]emurrers prior to adjudicating relief [p]endente [l]ite").

<u>Attorney's Fees in the Circuit Court</u>

Appellant's fourth, fifth, and sixth assignments of error concern the circuit court's award of attorney's fees to wife. Husband challenges the circuit court's award, claiming that it lacked the authority to award attorney's fees. He also argues that the amount of the fees was excessive and that wife failed to present adequate evidence to support the amount awarded.

"Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" <u>Tyszcenko v. Donatelli</u>, 53 Va. App. 209, 215, 670 S.E.2d 49, 52 (2008) (quoting <u>Kane v. Szymczak</u>, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003)). "As the Supreme Court has recognized, a trial court 'by definition abuses its discretion when it makes an error of law.'" <u>Shooltz v. Shooltz</u>, 27 Va. App. 264, 271, 498 S.E.2d 437, 440-41 (1998) (quoting <u>Koon v. United States</u>, 518 U.S. 81, 100 (1996)).

The circuit court did not expressly state the statute or authority upon which it was relying when it awarded attorney's fees to wife.[5] We recognize the circuit court's broad authority to award attorney's fees in divorce cases. <u>See</u> <u>Tyszcenko</u>, 53 Va. App. at 222, 670 S.E.2d at 56; <u>see also</u> Code § 20-79(b). However, because we reverse on the merits the circuit court's decision sustaining wife's demurrer to husband's bill of complaint, we also remand to the circuit court for it to reconsider its award of attorney's fees.

---

[5] Husband argues, in part, that the trial court appeared to erroneously rely on Code § 16.1-278.19 for its authority to award attorney's fees to wife. Husband argues that the circuit court erred in relying on this statute because it only authorizes the circuit court to award attorney's fees when a case is appealed from the juvenile and domestic relations district court – not when a case is originally filed in the circuit court.

Appellate Attorney's Fees

Husband requests appellate attorney's fees. This Court has discretion as to whether to award attorney's fees on appeal. See Rule 5A:30(b). Pursuant to Rule 5A:30(b), this Court's decision on whether to award attorney's fees "shall not be limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit." Instead, this Court is permitted to consider "all the equities of the case." Rule 5A:30(b). See also O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having considered all the equities of the case, we decline to award husband his appellate attorney's fees in this case. Although husband prevails on appeal, this case was a legitimate dispute concerning substantive legal issues. Consequently, husband's request for appellate attorney's fees is denied.

III. CONCLUSION

In short, the circuit court erred in finding that husband's complaint failed to allege that wife left the marriage with the intent to desert. The complaint alleges that wife was unhappy in the marriage, that she left the home on two prior occasions, and that she finally left "for good," taking the parties' child with her. She had not returned to the marital home at the time husband filed the complaint, which was almost seven weeks after her final departure "for good" on January 11, 2017 from the marital home. Thus, the facts in the complaint (as well as the reasonable inferences taken from those facts), which must be accepted as true for purposes of ruling on a demurrer, are sufficient to show that wife left with the intent to desert. The circuit court also erred in sustaining the demurrer based on husband's not pleading that he did not consent to wife's desertion because the deserted party's lack of consent is not an element of a cause of action alleging the other party's desertion. Furthermore, the facts and inferences of husband's complaint do not support the conclusion that husband agreed to wife's leaving. Therefore, for all of these reasons, the circuit court erred in sustaining the demurrer, and we remand the case to the circuit court for a full

evidentiary hearing on the merits of husband's complaint seeking a divorce based on his claim alleging wife's desertion.

Because we reverse the circuit court's ruling sustaining the demurrer, we vacate the award to wife of attorney's fees in the circuit court, and remand the matter of the attorney's fees to the circuit court for reconsideration. Finally, for the reasons stated *supra*, we decline to award appellate attorney's fees to husband.

Reversed and remanded.