# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## LENNA LANDES BAKER v. WILLIAM E. BAKER.

October 13, 1952.

Record No. 3988.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*G. H. Branaman,* for the appellant.

*Carter R. Allen,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

On September 13, 1951, Lenna Landes Baker filed her bill of complaint in the court below against William E. Baker, her husband, praying for a decree of divorce *a mensa* on the ground of desertion. Pursuant to Rules 2:3 and 2:4, prescribed for Equity Practice and Procedure, a subpoena in chancery and an attached copy of the bill were served on the defendant on September 15, by posting at the front door of his usual place of abode. There was no appearance by the defendant either in person or by counsel.

On October 17 the depositions of certain witnesses were taken before a notary public at the office of counsel for the plaintiff at Waynesboro. While the caption stated that the depositions were taken "pursuant to notice, duly served on the defendant," no notice was attached to and returned with the depositions which were filed in the clerk's office on the day following that on which they were taken. However, there was incorporated in the bill of complaint, which is printed in full in the margin,[1] a paragraph alleging, "by way of notice to the

---

[1] "VIRGINIA: IN THE CORPORATION COURT OF THE CITY OF WAYNESBORO

"Lenna Landes Baker
    v.                         **BILL**
"William E. Baker
  c/o L. G. Dunsmore
  Verona, Virginia

defendant," that the depositions of the plaintiff and others would be taken at the office of her counsel between the hours of nine a. m. and twelve noon on October 17. The defendant was not present either in person or by counsel at the taking of these depositions.

In the latter part of October counsel for the plaintiff presented to the lower court for entry a decree granting her a divorce *a mensa*, based upon consideration of the depositions which the proposed decree recited had been taken "pursuant to notice." The lower court filed a written memorandum refusing to enter the tendered decree, on the ground that the depositions were not admissible in evidence because proper notice had not been given the defendant of the time and place of their taking. On the same day on which its memorandum was filed in the clerk's office the court entered a decree denying the entry of the tendered

"To the Honorable C. G. Quesenbery, Judge of the Corporation Court of the City of Waynesboro, Virginia:

"Your complainant, Lenna Landes Baker, respectfully represents and says as follows:

"1. That on the 14th day of April, 1945, at Waynesboro, Virginia, the complainant, whose maiden name was Lenna Mae Landes, was married to the defendant, as doth appear from a certified copy of the marriage license herewith filed;

"2. That after the aforesaid marriage, the complainant and the defendant lived together at Waynesboro, Virginia, continuously, until the 2nd day of July, 1951, at which time the defendant deserted and abandoned the complainant and has never since lived with the complainant as his wife, and the complainant verily believes he will never live with her again;

"3. That no childern were born to the marriage;

"4. That the complainant and the defendant are both actual bona fide residents of the State of Virginia, and have been such residents for more than one year prior to the institution of this suit, and last cohabited at No. 353 Maple Avenue, in the City of Waynesboro, Virginia, from which address the said defendant, without just cause or excuse, deserted and abandoned the complainant; and,

"5. *That the complainant hereby alleges by way of notice to the defendant that on the 17th day of October, 1951, at the offices of G. H. Branaman, Waynesboro, Virginia, between the hours of nine o'clock a.m. and twelve o'clock noon of that date, the complainant will take the depositions of herself and other witnesses to be read in evidence in this cause, and if not begun, or if begun and not completed, the taking of the said depositions will be continued from time to time at the same place and between the same hours.*

(Italics supplied.)

"Wherefore, the complainant prays as follows: (1) That a divorce a mensa et thoro be granted the complainant on the grounds of desertion; and (2) that after the lapse of two years the said a mensa divorce be merged into one of absolute divorce.

"Respectfully,<br>"Lenna Landes Baker"

(Affidavit)

decree and dismissing the cause from the docket. From that decree the present appeal has been taken.

While the appellant concedes that service of a proper notice of the taking of such depositions was essential, she contends that service on the defendant of a copy of the bill in which the notice was incorporated was a substantial compliance with Code, § 8-307, and that the court erred in refusing to admit the depositions in evidence and enter the decree tendered.

Code, § 8-307, provides: "Reasonable notice in writing shall be given to the adverse party of the time and place of taking every deposition. It need not be in any particular form, nor served in any particular manner, but it shall be deemed sufficient in any form or served in any manner if it conveys the needed information, and is actually received a reasonable time before the time fixed for the taking."

No provision for the form of such notice is embodied in the rules governing Equity Practice and Procedure (Rule 2:1 ff.), and accordingly the sufficiency of the notice with which we are concerned is to be determined by the language of the above statute.

Although the statute is liberal as to the form of such notice, it does not, in our opinion, permit the notice to be incorporated by way of an allegation in the body of the bill of complaint, as was done here.

The purpose of the required notice to an adversary of the taking of depositions is to give him the opportunity to appear and cross-examine the witness, if he so desires. Lile's Equity Pleading and Practice, 3d Ed., § 246, p. 141; Wigmore on Evidence, 3d Ed., Vol. V, § 1377, p. 59.

To accomplish its purpose the notice should be clear and explicit. A notice which is confusing and misleading is not "reasonable" and does not meet the requirements of the statute.

The purpose of a bill of complaint is, "(1) To state the plaintiff's case for the information of the defendant in the preparation of his defense; and (2) for the information of the court in the trial of the cause, and to fix the issues." Lile's Equity Pleading and Practice, 3d Ed., § 100, p. 61. Obviously, a notice to the defendant that the plaintiff will take the deposition of a witness at a specified time and place is foreign to such purpose and has no place in the bill.

Rule 2:2 prescribes the essentials of a bill of complaint. Neither in this nor any other rule is any provision made for incorporating in the bill a notice to take depositions.

Rule 2:3 requires that the plaintiff furnish to the clerk a copy of the bill to be served on each defendant.

The form of the subpoena in chancery with the attached bill of complaint is prescribed by Rule 2:4. By the subpoena the defendant is notified that "unless within twenty-one (21) days after such service response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter a decree against such party, without further notice, either by default or after hearing evidence." According to the language of the subpoena this is all the defendant need do. He is told further that "Appearance in person is not required by this subpoena." Moreover, under the provisions of Rules 2:8 and 2:11 and Code, § 20-99, in a suit for divorce the bill is not taken for confessed, and a decree may not be entered upon the mere default of the defendant. *Bailey* v. *Bailey*, 21 Gratt. (62 Va.) 43, 49, 50.

A notice to take depositions incorporated in the bill is in conflict with the terms of the subpoena, for it notifies the defendant to be present at a time and place and for a purpose different from that stated in the subpoena.

When combined with the necessary and proper allegations of the bill of complaint the notice is not clear and explicit, but on the contrary is confusing and misleading. In the case before us the writing served on the defendant is labeled a "Bill," and the notice incorporated therein might easily be overlooked, especially since it is not germane to the purpose of the main instrument.

If at the time of the commencement of the suit the plaintiff desires to give notice that depositions on his behalf will be taken at a certain time and place, this should be done by a clear and explicit notice embodied in a separate instrument and served on the defendant. In this manner the defendant is given notice of the two separate steps in the suit which has been brought against him. He is told by the subpoena, with the copy of the bill attached, the nature of the cause of action, when, where and how he may make his defense to it. By the notice of the taking

of depositions he is told that at a specified time and place the plaintiff will take the testimony of a witness relating to the suit.

■ Rule 2:21, dispensing with the notice of taking proofs "to any defendant as to whom a bill stands taken for confessed," is not applicable to a divorce suit, because, as has been noted, such a bill is not taken for confessed. Rules 2:8, 2:11; Code, § 20-99. Hence, unless lack of notice or an irregularity in a notice to take depositions in a divorce suit is waived by appearance, there must be proof of service or acceptance of service of proper notice. *Scott* v. *Scott*, 142 Va. 31, 36, 37, 128 S. E. 599; *Craddock* v. *Craddock*, 158 Va. 58, 73, 163 S. E. 387.

In the appellant's brief it is said: "The defendant did not appear in person or of record by counsel, yet he retained Carter R. Allen, Esquire, of the local bar, who represented him, read the evidence and initialed the decree" which the lower court declined to enter. The intimation is that this constituted a waiver of legal notice of the taking of the depositions.

■ A defendant in a suit may, of course, employ counsel to follow the proceeding and advise him with respect thereto without entering an appearance therein. There is no impropriety in counsel's so representing the defendant in a divorce suit, provided there is no collusion between him and counsel for the plaintiff in the proceeding.

■ But before an attorney may act on behalf of the defendant in a suit and waive legal notice of the taking of depositions, or consent to the entry of a decree therein, he must make known to the court in some manner that he is representing the defendant. This is usually done by entering an appearance or filing a pleading on behalf of the defendant, signed by himself as counsel, in the clerk's office or in court. Rule 2:20 requires that "All pleadings shall be signed by counsel," if the party has counsel. Rule 2:17 requires copies of pleadings to be furnished "counsel of record." Rule 2:18 requires that drafts of orders and decrees "be endorsed by counsel of record," or that the latter be given notice of the time and place of presentation for entry. Thus, the rules contemplate that only counsel "of record" may participate in a proceeding before the court.

Where, as here, the attorney fails to make an appearance of record on behalf of the defendant, in the usual way, either

in the clerk's office or in court or at the taking of depositions, he is in no position to waive the required notice of the taking of depositions. He is a stranger to the proceeding, or, as the trial court expressed it in its opinion, "unknown in the case."

For these reasons we are of opinion that the lower court was correct in holding that the depositions were not admissible in evidence. Accordingly, we affirm the decree appealed from in so far as it denied the entry of the tendered decree of divorce.

But we are of opinion that the cause should not have been dismissed unless and until the plaintiff had been given an opportunity of taking depositions, to be read in her behalf, after proper notice to the defendant. It does not appear from the record that such opportunity was given her. Accordingly, we reverse the decree appealed from in so far as it dismissed the cause, and remand the cause to the lower court with instructions that it be reinstated on the docket and that the plaintiff be given leave to proceed within a reasonable time to take the depositions of her witnesses, after proper notice to the defendant, if she be so advised.

*Affirmed in part; reversed in part and remanded.*