# Richmond

## NANNIE TERRY OWENS v. CHARLES GREEN OWENS.

January 16, 1956.

Record No. 4450.

Present, Hudgins, C. J., and Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*William Davis Butts*, for the appellant.

*Percy S. Smith* and *Robert J. Smith*, for the appellee.

WHITTLE, J., delivered the opinion of the court.

Charles Green Owens, hereinafter called complainant, was granted a divorce from the bonds of matrimony from Nannie Terry Owens, hereinafter called respondent. The decree was based upon alleged wilful desertion and abandonment for a period of one year. (Virginia Code, 1950, § 20-91, as amended by Acts of Assembly, 1952, ch. 100, p. 110). We granted respondent an appeal.

The first assignment of error charges: "The court erred in entering the final decree of divorce because the record showed that no notice had been given to the defendant or her attorney that the depositions would be taken." This assignment is closely akin to the second, which reads: "The court erred in entering the decree based on the depositions taken November 29, 1954, because the taking of the said depositions was contrary to both Sections 20-104 and 8-74, Code." These assignments will be treated together.

■ Respondent was a non-resident of Virginia, living in New York. A copy of the bill for divorce, accompanied by "proof of service" was served upon her there on November 3, 1954. Such service under our statute (Va. Code, 1950, § 8-74) has the effect of an order of publication "duly executed".

There is no merit in respondent's contention that she was not notified of the date on which depositions were to be taken. When a respondent has been duly summoned by publication and has not appeared in person or by counsel within the period allowed, no notice of the taking of the depositions is required unless ordered by the court. Va. Code, 1950, §§ 8-73, 8-74, modified by Rule of Court 2:21; Lile's Equity Pleading and Practice (Meade), § 248, p. 142; *Baker* v. *Baker*, 194 Va. 284, 290, 72 S. E. (2d) 632, 635. As will be seen, respondent did not appear within the period allowed.

■ Respondent next complains that the taking of the depositions was premature and contrary to Code, §§ 20-104 and 8-74. With this we do not agree. As aforesaid, respondent was served with a copy of the bill and "proof of service" in New York on November 3, 1954, and the depositions were not taken until November 29th.

Section 20-104, which deals with the taking of depositions against non-residents, and which provides for service by an order of publication, further provides that the taking of depositions cannot be commenced until "at least ten days shall have elapsed after the order of publication shall have been duly published as required by law."

This provision has not been violated in taking the depositions in this case. Personal service, such as was had in this instance, has the effect of an order of publication "duly executed". (Code, § 8-74) The effect of the Rules (2:6(c) and 2:21) is to make the time after which no notice is required twenty-one days instead of ten days as provided in Code, §§ 8-73 and 20-104. Rule 2:21 provides: "No notice of the taking of depositions * * * shall be required to be given to any defendant * * * proceeded against by order of publication *who has not appeared*, unless specially ordered by the court." (Italics supplied). And Rule 2:6(c) gives a defendant personally served outside the State twenty-one days in which to appear before the cause can be set for hearing and docketed. Therefore, in this instance, the respondent, under Rule 2:21, is a defendant "who has not appeared"; and under Rule 2:6(c) the twenty-one-day provision applies.

It was proper to take depositions at any time after at least twenty-one days had elapsed from the time of service. Therefore, the depositions were properly taken.

The record discloses no appearance by respondent or her attorney prior to the taking of the depositions. No answer was filed within twenty-one days as prescribed by Rule 2:7, and the case was duly "set for hearing and docketed" as provided by Rule 2:8, although the bill *for divorce* could not be "taken for confessed" under the provisions of this Rule. See also Rule 2:11; Code, § 20-99; *Baker* v. *Baker, supra*, 194 Va., at p. 290, 72 S. E. (2d), at p. 635.

After a cause has been set for hearing and docketed, (where no further notice is required), the complainant may proceed to take depositions. Lile's Equity Pleading and Practice (Meade), § 251, p. 143.

■ The third assignment of error challenges the sufficiency of the evidence, and in our view is controlling.

The proof establishes the fact that these parties were married in New York on April 4, 1952, and "cohabited as husband and wife" until April 5, 1952, at which time complainant returned to the Army. His home was in Virginia.

Complainant testified that he and his wife had not lived together since the day after their marriage; that he was discharged from the Army in June, 1953, "and she said she was not going to come to Richmond to live with me and told me that she didn't want to leave her people."

In an effort to corroborate the testimony of complainant, one Alvin

Bassfield testified that "* * * in June, 1953, he [complainant] was in Richmond and I saw him and he said that he had gotten out of Service and I also saw a letter from Nannie to Charles stating that she was not coming to Richmond because she liked New York better than living with him. * * *".

The testimony of complainant and Bassfield comprises the evidence in the case. It will be observed that complainant nowhere mentions the letter testified to by Bassfield; the date of the letter is not given, and there is no proof that Bassfield had any means of knowing respondent's handwriting.

Complainant was in the Army from April 5, 1952 to June, 1953. During this period he was not at his home in Virginia. While the bill for divorce was filed October 28, 1954, there is no evidence in the record to show when the alleged desertion occurred. Neither is there credible evidence, aside from complainant's own testimony, to show that respondent wilfully deserted and abandoned complainant. It can hardly be said that Bassfield's testimony in any way corroborates complainant. The letter itself was the best evidence but it was not introduced, and no excuse was given for not producing it. There are too many "gaps" in the testimony which would, of necessity, have to be filled by surmise and conjecture in order to grant a divorce on the meagre evidence in this case.

Full and satisfactory proof of desertion should be required in order for the court to determine the legal question involved. A decree of absolute divorce should not be granted unless the evidence relied upon proves wilful desertion without justification or excuse, and the burden of establishing this rests on the complainant. We have no such proof in the case under consideration. *Walker* v. *Walker*, 120 Va. 410, 412, 91 S. E. 180; *Grim* v. *Grim*, 126 Va. 245, 247, 101 S. E. 140; *Davis* v. *Davis*, 187 Va. 63, 69, 45 S. E. (2d) 918, 921; *Raiford* v. *Raiford*, 193 Va. 221, 235, 68 S. E. (2d) 888, 897.

For the foregoing reasons the decree is reversed and the bill dismissed.

*Reversed and dismissed.*