# Richmond

## Bernice Trower Mackey v. Arthur Mackey.

April 23, 1962.

Record No. 5408.

Present, All the Justices.

Case submitted on brief.

*William Davis Butts*, for the appellant.

No brief or argument for the appellee.

Carrico, J., delivered the opinion of the court.

Arthur Mackey, the complainant, filed a bill of complaint against Bernice Trower Mackey, the defendant, seeking a divorce on the

grounds of wilful desertion and abandonment. We granted the defendant an appeal from a decree awarding the complainant a final divorce.

The assignments of error attack the decree on the grounds of insufficiency of evidence and lack of proper notice of the taking of depositions.

Although there is serious doubt that the evidence was sufficient to sustain the decree, we need not make that determination, since, in our view, the decree must be set aside because proper notice was not given of the taking of depositions.

The suit was instituted by the filing of the bill of complaint on September 2, 1960. The subpoena in chancery was served on the defendant, in person, on September 7, 1960.

At the same time there was served on the defendant a notice which stated that the complainant would proceed to take depositions, to be read as evidence in the suit, on October 8, 1960, at 10 a.m., at the office of W. W. Richardson, the complainant's attorney, in Providence Forge. The notice stated that if the taking of depositions was not commenced, or if commenced was not concluded on the specified date, the taking thereof would be adjourned from time to time at the same place until completed.

On September 23, 1960, the defendant, through her attorney, William Davis Butts, filed an answer in which she denied that she had deserted and abandoned the complainant and denied that he was entitled to the relief sought.

The depositions of the complainant and Leon B. Brown were taken in Richardson's office on February 21, 1961, before Ellen J. Richardson, a notary public. The certificate of the notary states that the depositions were taken on that date, "pursuant to notice duly given." The depositions were filed in the clerk's office on May 17, 1961.

On June 19, 1961, Richardson addressed a letter to Butts, enclosing the original and a copy of the proposed final decree, together with a copy of "depositions for your files." The letter stated that the decree would be presented to the chancellor on June 23, 1961.

Butts forwarded the decree to the clerk. It was entered by the chancellor, on June 23, 1961, over the objections of the defendant. It stated that the cause was heard, "upon the depositions duly taken and filed in this cause."

In a divorce case, the record should affirmatively show that each procedural step is taken, and taken properly, unless waived by

the party for whose benefit it is provided. If a procedural require-ment is not followed, and is not waived, the record then shows, upon its face, a defect which challenges the authority of the court to pro-ceed with the case. *Craddock's Adm'r* v. *Craddock's Adm'r*, 158 Va. 58, 69, 70, 163 S. E. 387.

If a defendant in a divorce case is proceeded against by order of publication, or its equivalent, and fails to appear, notice of the taking of depositions is not necessary, unless ordered by the court. *Owens* v. *Owens*, 197 Va. 681, 682, 90 S. E. 2d 776.

In all other divorce cases, such a notice is required. It is one of those procedural steps to which careful scrutiny must be afforded. Where such a notice is required, it should clearly appear, from the record, that proper notice was served, or was accepted by the oppo-site party, or was waived by him. Code, § 8-307; *Baker* v. *Baker*, 194 Va. 284, 289, 290, 72 S. E. 2d 632; *Scott* v. *Scott*, 142 Va. 31, 36, 37, 128 S. E. 599; Lamb, A Virginia Cause, p. 59.

In the case before us, the only notice in the record is that the depositions would be taken on October 8, 1960. The record shows conclusively that they were not taken on that date. There is nothing in the record to show that there was any continuance or adjournment from that date. The notice was, therefore, rendered of no effect.

There was no new notice served upon, or accepted by, the de-fendant or her counsel that the depositions would be taken on Febru-ary 21, 1961. Neither of them was present at the time. There is nothing in the record upon which to hold that the defendant waived the necessity of notice.

Under these circumstances, there was then apparent, on the face of the record, error which went to the very authenticity of the depositions themselves, and which prohibited their use as evidence in the case. The chancellor's finding that the depositions were "duly taken" was clearly erroneous. The depositions were not properly before him, and without them he had no authority to enter the final decree.

What we have said concerning the validity of depositions taken without notice, or upon improper notice, has long been the rule in Virginia. In the case of *Hunter* v. *Fulcher*, 5 Rand. (26 Va.) 126, 130, 16 Am.Dec. 738, decided in 1827, the Court speaking through Judge Carr, passed upon a similar situation as follows, "In the certifi-cate of the magistrates, they state that they had met at the Mayor's Office of Georgetown on Saturday the 8th day of October, 1825, and

'thereafter, on Friday and Saturday, 14th and 15th of same month, and thence by adjournment, till Tuesday, 18th, for the examination of the witnesses,' & c. and 'that no person appeared for Yeatman or Fulcher.' The 8th of October was the day on which Fulcher had notice to attend. On that day, it seems, there was a mere meeting. How long it lasted, we are not told; nor did the magistrates adjourn to any further day. How then could Fulcher know that they would meet again on that business? Or what power had they to do so, without adjournment? The meeting on the 14th and 15th was quite a distinct thing, and required notice as much as the first meeting. I consider the depositions, therefore, as taken wholly without notice, and improperly admitted."

The decree of June 23, 1961, will be reversed, and the case remanded for such further proceedings, in conformity with the views which we have expressed, as the complainant may be advised to take.

In response to the defendant's petition in her brief, a fee of $150.00 is allowed to her counsel for prosecuting this appeal.

*Reversed and remanded.*