COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


ALAN RICHARD STEWART

                                    MEMORANDUM OPINION*
v.    Record No. 1483-98-2              PER CURIAM
                                        MAY 18, 1999
PHYLLA JEAN STEWART


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    William R. Shelton, Judge

            (Carol A. N. Breit; John A. Gibney; Shuford,
            Rubin & Gibney, on brief), for appellant.

            (Thomas W. Blue, on brief), for appellee.


     Alan Richard Stewart (husband) appeals the decision of the

circuit court granting Phylla Jean Stewart (wife) a divorce and

deciding other issues.  Husband raises the following issues on

appeal:  (1) whether the trial court denied him due process; (2)

whether he received proper notice; (3) whether the trial court

erred in finding him in default; (4) whether the trial court

erred by denying him the opportunity to appear, present

evidence, and defend the case; (5) whether there was proper

service and return on service; (6) whether there was sufficient

evidence to support the ground of divorce; (7) whether there was

sufficient evidence to support the financial award against

--------------------------------------------------

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

husband; and (8) whether the trial court had jurisdiction to grant the relief awarded. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

The parties were married in Henrico County on April 1, 1995, and last lived together in Chesterfield County. Wife commenced this action by filing a bill of complaint in Chesterfield County on November 30, 1995, alleging that husband abandoned her on November 24, 1995. Husband was personally served with the subpoena in chancery and bill of complaint in Minnesota on June 24, 1996. Husband commenced an action in Minnesota, serving wife on May 3, 1996. The Minnesota action was dismissed on March 19, 1997. By letter dated January 31, 1997, husband's Minnesota counsel contacted the trial judge, referenced the pending Virginia divorce action, and stated that "[i]t is our belief that our service was completed before the service of this matter in the State of Virginia." Husband filed no further pleadings in the Virginia action prior to entry of the final decree on October 8, 1997. On October 8, 1997, wife's counsel received a request for discovery from husband's Virginia counsel. Husband filed a motion to vacate, which was granted on October 29, 1997, to allow the parties to brief the adequacy of notice received by husband. By order entered January 14, 1998, the trial court ruled that husband received adequate notice and

-

that the court had jurisdiction over husband.  The court entered the final decree on June 8, 1998.

### Due Process and Sufficiency of Service

Questions Presented One through Five and Eight arise from a single underlying issue concerning the sufficiency of the process served upon him so that he received due process and a chance to defend himself in the divorce proceedings.  We find husband's contentions to be without merit.

Under Code § 8.01-328.1(A)(9), the Chesterfield County circuit court properly exercised personal jurisdiction over husband.

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
>
>   *      *      *      *      *      *      *
>
> 9.  Having maintained within this Commonwealth a matrimonial domicile at the time of separation of the parties upon which grounds for divorce or separate maintenance is based, or at the time a cause of action arose for divorce or separate maintenance or at the time of commencement of such suit, if the other party to the matrimonial relationship resides herein.
> Jurisdiction in subdivision 9 of this subsection is valid only upon proof of service of process pursuant to § 8.01-296 on the nonresident party by a person authorized under the provisions of § 8.01-320.

Id.  Wife established that husband was served with process in accordance with the provisions of Code §§ 8.01-296 and 8.01-320. "When the court can exercise jurisdiction over the nonresident

-

pursuant to § 8.01-328.1, such service shall have the same effect as personal service on the nonresident within Virginia." Code § 8.01-320. Upon service of process, husband was required to file a responsive pleading in the Virginia action or suffer the consequences of default.

> The person so served shall be in default upon his failure to file a pleading in response to original process within twenty-one days after such service. If no responsive pleading is filed within the time allowed by law, the case may proceed without service of any additional pleadings, including the notice of the taking of depositions.

Id.

Both Emrich v. Emrich, 9 Va. App. 288, 387 S.E.2d 274 (1989), and Mackey v. Mackey, 203 Va. 526, 125 S.E.2d 194 (1962), cited by husband as authority for his contention that the trial court abused its discretion, are factually distinguishable. In Emrich, the wife failed to file a timely response to the bill of complaint because the parties resumed cohabitation and the husband fraudulently induced her not to answer by indicating he would seek to have the case dismissed. We found that the trial court abused its discretion when it denied the wife's motion for an extension of time to answer and entered a decree of divorce within two months of the filing of the bill of complaint, notwithstanding evidence refuting the husband's proffered grounds for divorce. See Emrich, 9 Va. App. at 295, 387 S.E.2d at 277. In Mackey, unlike the case here, the

-

defendant answered the complaint, but then was not provided with accurate notice of the taking of the deposition subsequently relied upon as the basis for the divorce. See Mackey, 203 Va. at 527-28, 125 S.E.2d at 195-96. Both cases are inapposite to the circumstances here where husband was properly served but failed without good cause to respond to the ongoing action.

> Trial courts may properly refuse an extension where the delay is due to negligence or carelessness on the part of a party. Inadvertence or failure to exercise due diligence under the circumstances in responding to legal process does not constitute a reasonable or legal excuse for failure to comply with filing requirements.

Emrich, 9 Va. App. at 293, 387 S.E.2d at 276 (citation omitted).

Husband filed no response to the June 1996 service of process. He was aware of the ongoing Virginia proceeding, as demonstrated by the January 1997 letter from his Minnesota counsel to the Virginia trial judge. Even after the dismissal of the Minnesota litigation in March 1997, husband filed no response in the Virginia action. The final decree of divorce was entered almost two years after the filing of wife's bill of complaint, more than one year after the service of process on husband, and more than six months after the dismissal of the Minnesota proceeding. Wife complied with the statutory requirements and obtained personal jurisdiction over husband. Husband received notice and an opportunity to be heard, which is the essence of due process. "An elementary and fundamental

-

requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950). When husband elected not to respond to the ongoing action, he was in default. Wife was not required to provide him with further notice. See Code § 8.01-320.

### Sufficient Evidence of the Ground of Divorce

Evidence of the ground for the divorce was presented by deposition. On appeal, husband challenges the sufficiency of this evidence. "'The rule is firmly established in Virginia that a divorce decree based solely on depositions is not as conclusive on appellate review as one based upon evidence heard ore tenus, but such a decree is presumed correct and will not be overturned if supported by substantial, competent and credible evidence.'" Collier v. Collier, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986) (citation omitted). See also Code § 20-99(1). Wife presented her own deposition and the corroborating deposition of Mildred Settle to establish her alleged ground of desertion.

> "The question of corroboration is one of fact, the decision of which in each case depends upon the particular facts of that particular case. It is not necessary that the testimony of the complaining spouse be corroborated on every element or essential charge stated as a ground for divorce. The

-

> corroborative testimony need not be
> sufficient, standing alone, to prove the
> alleged ground for divorce. Any other rule
> would deprive the testimony of the
> complaining spouse of any practical effect.
> The general rule is that where a particular
> fact or circumstance is vital to
> complainant's case, some evidence of the
> same, in addition to the complainant's own
> testimony, is essential. The main object of
> the provision of the statute requiring
> corroboration is to prevent collusion.
> Where it is apparent that there is no
> collusion, the corroboration needs to be
> only slight."

Dodge v. Dodge, 2 Va. App. 238, 245, 343 S.E.2d 363, 367 (1986)

(emphasis and citations omitted).

The trial court found wife's evidence credible. Wife

provided sufficient corroboration. Collusion was not a concern.

Husband has failed to demonstrate grounds to overturn the decree

which is presumed to be correct.

## Financial Award

Husband also contends that the evidence did not support a

financial award against him. Because husband received adequate

notice, his argument to strike the evidence submitted by

deposition is without merit. Wife presented evidence to support

her claim that husband's actions leading to the dissolution of

the marriage cost her $43,381.53 and that she incurred $8,006.50

in attorney's fees and costs. We find no error in the trial

court's lump sum award to wife pursuant to Code § 20-107.3(D),

and its award of her attorney's fees and costs.

-

Accordingly, the decision of the circuit court is summarily affirmed.

_Affirmed._