## CIRCUIT COURT OF THE CITY OF ROANOKE

Mark Joseph Sakowski

v.

Susan Margaret Kazmer Sakowski

July 24, 2004

Case No. CH04000448

BY JUDGE CLIFFORD R. WECKSTEIN

The plaintiff has tendered a final decree of divorce. For reasons set forth below, the court declines to enter that decree and instead hereby gives notice to the parties, as required by Virginia Code § 8.01-264(D), that on July 30, 2004, at 11:30 a.m., in chambers on the third floor of the Roanoke City Courthouse, 315 Church Avenue, S.W., Roanoke, Virginia, I will enter a decree transferring venue to the Circuit Court of the City of Williamsburg and James City County. Appearance in person is not required.

This divorce suit is pending in the Circuit Court of the City of Roanoke, Virginia. Nothing in the record suggests that either party ever lived in the City of Roanoke.

Mark Joseph Sakowski (" Husband" ) filed this suit against Susan Margaret Kazmer Sakowski (" Wife" ) on June 15, 2004. On the next day, June 16, before a notary public and court reporter in Williamsburg, Virginia, Husband's attorney took depositions of Husband and a nonparty witness; transcripts of these depositions have been submitted in support of entry of the

proposed divorce decree.[1] The next day, June 17, in San Diego, California, Wife appeared before a notary, accepted service by signing the Proof of Service,[2] and signed and acknowledged a document that reads:

---

[1] *See* Rule 4:5 of the Rules of the Supreme Court of Virginia: ARule 4:5. *Depositions Upon Oral Examination.* (a) *When Depositions May Be Taken.* After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition before the expiration of the period within which a defendant may file a responsive pleading under Rule 2:7 or 3:5, except that leave is not required (1) if a defendant has served a notice of taking deposition, or (2) if special notice is given as provided in subdivision (b)(2) of this Rule. The attendance of witnesses may be compelled by subpoena. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. (a1) *Taking of Depositions.* Depositions shall be taken in the county or city in which suit is pending, in an adjacent county or city or in the county or city of the Commonwealth of Virginia where a nonparty witness resides, is employed, or has his principal place of business, except that depositions may be taken at a place upon which the parties agree or at a place that the court in such suit may, for good cause, designate. If a nonparty witness is not a resident of the Commonwealth, his deposition may be taken in the locality where he resides or is employed or at any other location agreed upon by the parties. Additionally, the restrictions as to parties within the Commonwealth set forth in this Rule shall not apply where no responsive pleading has been filed or an appearance otherwise made.≅

[2] § 20-99.1:1. A*How defendant may accept service; waive service.* A. A defendant in such suits may accept service of process by signing the proof of service before any officer authorized to administer oaths. This proof of service shall, when filed with the papers in the suit, have the same effect as if it had been served upon the defendant by a person authorized to serve process. In addition, service of process may be accepted or waived by any party, upon voluntary execution of a notarized writing specifying an intent to accept or waive any particular process, or by a defendant by filing an answer in the suit. Such notarized writing may be provided in the clerk's office of any circuit court and may be signed by such party to the proceedings before any clerk or deputy clerk of any circuit court, under oath, or may be drafted and filed by counsel in the proceeding, and shall, when filed with the papers in the suit, have the same effect as if the process specified had been personally served upon the defendant by a person authorized to serve process. The court may enter any order or decree without further notice unless a defendant has filed an answer in the suit. B. When service is accepted pursuant to this section by a nonresident person out of the Commonwealth, such service shall have the same effect as an order of publication duly executed. C. Any process served outside the Commonwealth executed in such manner as provided for in this section is validated.≅ The Proof of Service reads: "State of California / County/City of San Diego To-Wit: / I, SUSAN MARGARET K. SAKOWSKI, the defendant in the above styled Chancery matter now pending in the Roanoke City Circuit Court do hereby accept Service of Process, consisting of a copy of the Bill of Complaint with a Subpoena in Chancery attached thereto and notice to take depositions, on this the 17th day of June, 2004. /s/ Susan M. Sakowski (Defendant)/ Subscribed and sworn to before the undersigned: /s/ Alec Gonzales 6.17.04/ Notary signature (seal if out of state) My commission expires: Nov. 29, 05." It bears Mr. Gonzales's Official Notarial Seal, which says that his commission expires November 29, 2006.

I, Susan Margaret Kazmer Sakowski, acknowledge that I am the defendant in the above-styled divorce suit; that I have received the Subpoena in Chancery with attached Bill of Complaint and Notice to Take Depositions; that I am and do hereby waive service of process of the Notice to Take Depositions and the Bill of Complaint prepared by plaintiff or his counsel in this action; that I accept service of such documents; that I am aware that absent waiver by me or leave of court, depositions in this matter cannot be taken prior to the expiration of twenty-one days after service of the Subpoena in Chancery with attached Bill of Complaint; that I waive any objections to the length of notice of the taking of depositions and hereby consent to the taking of said depositions prior to the expiration of twenty-one days from the date of this acceptance and waiver.

Under the law of Virginia, the record in a divorce case must "affirmatively show that each procedural step is taken, and taken properly, unless waived by the party for whose benefit it is provided." [3] This is jurisdictional. [4]

This record affirmatively shows that Husband took evidence before any notice or process was accepted, served, or waived. [5] Concerning compliance with Rule 4:5(a1), depositions were not, the record affirmatively shows, taken in the city in which suit was pending, or an adjacent county or city; [6] nor is there any evidence that Williamsburg was the city in which the nonparty witness resided, was employed, or had her principal place of business. Wife's purported waiver does not speak to these irregularities. Nor, in my opinion,

---

[3] *Emrich v. Emrich*, 9 Va. App. 288, 297, 387 S.E. 2d 274 (1989) (quoting *Mackey v. Mackey*, 203 Va. 526, 528, 125 S.E.2d 194 (1962)).

[4] *Id.*

[5] Note also Virginia Code § 8.01-288: "*Except for process commencing actions for divorce* or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." (Emphasis added.)

[6] The court takes judicial notice of the fact that Williamsburg and Roanoke are not adjacent, taking judicial notice of the boundaries of the City of Roanoke as contained in the City Charter, an Act of the General Assembly; the political subdivisions adjacent to the City, as shown in the metes and bounds description in the Charter; and the Commonwealth's official highway map; and the location, on that map, of Williamsburg. *Hart v. Commonwealth*, 131 Va. 726, 736, 109 S.E. 582 (1921); *Keesee v. Commonwealth*, 216 Va. 174, 175, 217 S.E.2d 808 (1975). Judicial notice of maps also permits the court to know that San Diego is on the Pacific Coast; Virginia is on the Atlantic Coast; and a continent lies between them.

does it effectively address the subject it attempts to, the timeliness of the taking of evidence.

With exceptions not relevant here, a plaintiff must obtain judicial permission "to take a deposition before the expiration of the period within which a defendant may file a responsive pleading under Rule 2:7." [7]

According to the pleadings (and the deposition testimony), Wife resides in California. Under the Code of Virginia, "when service is accepted pursuant to [Code § 20-99.1:1] by a nonresident person out of the Commonwealth, *such service shall have the same effect as an order of publication duly executed.*" [8]

When a defendant in a divorce case is served by order of publication or its equivalent, and fails to appear, notice of the taking of depositions is not necessary.[9] Depositions cannot be taken, however, until "at least ten days shall have elapsed after the order of publication has been duly published as required by law." [10]

Since Wife's acceptance had the same effect as a duly-executed order of publication, she was "entitled" not, as the document she signed says, to twenty-one days within which to respond, but "to the same time schedule for appearing or filing pleadings as she could have claimed if she had been served by publication." [11] This apparently would have been at least sixty days.[12]

---

[7] Rule 4:5(a). Under Rule 2:7, "A defendant is 'in default' if he has not filed a pleading and (1) a period of more than twenty-one days has elapsed after (i) due service of a subpoena in chancery upon him in this State, (ii) due service upon him outside this State under Code § 8.01-320, or (iii) his acceptance or waiver of process, or (2) the period within which he may appear to protect his interests, as specified in an order of publication duly executed, has elapsed." *Also see* Note 12, below.

[8] Va. Code § 20-99.1:1(C) (emphasis added).

[9] *Mackey*, 203 Va. at 528.

[10] Va. Code § 20-104.

[11] *See Mitchell v. Mitchell*, 227 Va. 31, 36-37, 314 S.E.2d 45 (1984) (*Mitchell* discusses § 8.01-320, rather than § 20-99.1:1).

[12] The order of publication would have notified her of a specific date, not less than fifty days after the date of the entry of the order of publication. Va. Code § 8.01-317. Under § 20-104, once the publication had been completed, another ten days would have had to elapse before depositions could commence. An argument might be made that Rule 2:7 requires responsive pleadings to be filed within twenty-one days of acceptance of process. That argument, however, founders (a) on the greater specificity of Va. Code § 20-99.1:1 (" The established rule of statutory construction [is] that when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." *Frederick County Sch. Bd. v. Hannah*, 267 Va. 231, 236, 590 S.E.2d 567 (2004)), (b) on the fact that "In the case of any variance between a rule and an enactment of the General Assembly such variance shall be construed so as to give effect to such enactment." Va. Code § 8.01-3.

The most fundamental constitutional rights include notice and the opportunity to be heard.[13] There is a presumption against waiver of such rights.[14] That presumption cannot be overcome without a demonstration that the person purportedly waiving her rights did so knowingly and intelligently, with full knowledge of the rights she was relinquishing.[15] In this case, after receiving notice of the proceedings, not "at a meaningful time," [16] but after the evidence had been taken, the right that Wife averred she understood that she had, and was waiving, the right to 21 days between service and the taking of depositions, was irrelevant.

Under the best of circumstances, a court would be skeptical about granting a divorce in which depositions were taken before process was served or accepted. The circumstances in this case, in which Wife executed an *ex post facto* waiver that focused on a right not relevant to her situation, are not the best of circumstances.

For the foregoing reasons, I am of opinion that this court cannot enter a final divorce decree based upon the purported waiver and the depositions taken on June 16, 2004.

Va. Code § 8.01-264(D) provides that "where a suit described in subdivision 19 of § 8.01-261[17] is filed in a venue that is not described therein, the court, on its own motion and upon notice to all parties, may transfer the suit to a venue described in such subdivision provided the transfer is implemented within sixty days after service of process upon all parties." The venues "described therein" are "the county or city in which the parties last cohabited, or at the option of the plaintiff, in the county or city in which the defendant resides, if a resident of this Commonwealth, and in cases in which an order of publication may be issued against the defendant under § 8.01-316, venue may also be in the county or city in which the plaintiff resides."

---

[13] *Lockhart v. Baxter*, 12 Va. App. 600, 604, 405 S.E.2d 434 (1991); *see Hamdi v. Rumsfeld*, 124 S. Ct. 2633, 2004 U.S. LEXIS 4761, 48 (2004) (" For more than a century, the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner'." ) (Citations omitted.)

[14] *Quintana v. Commonwealth*, 224 Va. 127, 144, 295 S.E.2d 643 (1982), *cert. denied* 460 U.S. 1029, *rehearing denied* 461 U.S. 940 (1983) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (internal quotation marks and brackets omitted).

[15] "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

[16] *Hamdi*, 2004 U.S. LEXIS at 48.

[17] Subdivision 19 of Va. Code § 8.01-261 relates to suits for annulment, affirmance, or divorce.

It has not been sixty days since June 17, 2004, the date on which Wife accepted service of process. Neither the Bill of Complaint nor any other document filed herein suggests that the City of Roanoke is a venue described in subdivision 19 of § 8.01-261. Husband lives in Williamsburg, Wife lives in California, and the parties last cohabited in Williamsburg.

The Court, on its own motion and pursuant to Va. Code § 8.01-264(D) will, after notice, enter a decree transferring venue to the Circuit Court of the City of Williamsburg and James City County.