# CIRCUIT COURT OF FAIRFAX COUNTY

Paula Elliot

v.

Jay Elliot

June 10, 2008

Case No. CL 2007-4976

BY JUDGE JONATHAN C. THACHER

This matter came before this Court for equitable distribution. After considering counsels' arguments, the Court reaches the findings and conclusions stated below on the matters taken under advisement: (1) grounds for divorce and (2) equitable distribution of the pet dog, Abbie, and the marital residence.

## Background

On April 27, 2007, Paula Elliot filed this action seeking a divorce from Jay Elliot on the grounds of cruelty or in the alternative on the grounds of living separate and apart for more than one year. Mrs. Elliot alleges in her Complaint that, on numerous occasions, Mr. Elliot assaulted her. She alleges that these assaults began in 1992 and continued until the date of separation on February 2, 2006.

At the hearing, both parties called witnesses and entered evidence addressing the grounds for divorce and distribution of the marital assets, primarily the family dog and the marital residence. Mrs. Elliot seeks to have

the entire home awarded to her along with the family dog. Mr. Elliot asked that this Court apply the Brandenburg Formula when distributing the equity in the marital home and also seeks ownership of the family dog.

*Analysis*

## I. *Grounds for Divorce*

This Court must determine whether Mrs. Elliot has provided sufficient evidence to award a divorce based on cruelty. In the alternative, Mrs. Elliot is seeking a divorce on the grounds that the parties have lived separate and apart in excess of one year. When multiple grounds for divorce exist, the trial judge may use his sound discretion to select the appropriate ground upon which to grant divorce. *Robertson v. Robertson*, 215 Va. 425, 427, 211 S.E.2d 41, 43 (1975). The burden of establishing the grounds of divorce rests with the complaining party. *Owens v. Owens*, 197 Va. 681, 90 S.E.2d 776 (1956). For the reasons stated in the following sections, this Court grants a divorce based on the parties having lived one year separate and apart.

### A. *Cruelty*

Under Virginia law, cruelty may consist of collective acts of mistreatment, including merciless abuse and mortification not amounting to physical abuse, but rather can also be emotional or mental mistreatment. See *Bennett v. Bennett*, 179 Va. 239, 242-43, 18 S.E.2d 911, 912 (1942). However, profanity, harsh language, rudeness or dominating or controlling behavior that does not threaten actual harm, do not amount to cruelty sufficient to constitute grounds for divorce. *Beers v. Beers*, 198 Va. 682, 688, 96 S.E.2d 139, 143 (1957). Furthermore, a single act of physical cruelty does not constitute grounds for divorce, unless its severity endangers life, indicates the intent to commit serious bodily harm in the future, or the precedent or attendant circumstances show that the acts are likely to be repeated. *Capps v. Capps*, 216 Va. 382, 384, 219 S.E.2d 898, 900 (1975); *DeMott v. DeMott*, 198 Va. 22, 28, 92 S.E.2d 342, 346 (1956).

Mrs. Elliot testified that, on February 2, 2006, Mr. Elliot assaulted her by throwing her into a wall. Additionally, she testified that Mr. Elliot routinely assaulted her and was verbally abusive throughout the course of their marriage. Mrs. Elliot's evidence corroborated that, on February 2, 2006, Mr. Elliot assaulted his wife. However, the Court noted the lack of evidence of any

other assaults or specific acts of cruelty prior to February 2, 2006. Based on the evidence, the Court finds that Jay Elliot only assaulted his wife on February 2, 2006.

Next, the Court must determine whether this single act of cruelty was sufficiently severe to award a divorce. Generally, one singular act of cruelty is not sufficient to grant a divorce based on cruelty. *DeMott*, 198 Va. at 28, 92 S.E.2d at 346. The Supreme Court of Virginia has only articulated few exceptions to this general rule, such as the severity of the act endangers life, the assaulter manifested an intent to commit serious bodily harm in the future, or the circumstances show that the cruel acts are likely to be repeated. See *id.*; *Capps*, 216 Va. at 384, 219 S.E.2d at 900. Here, the evidence established that Mrs. Elliot only sustained minor injuries from the February 2, 2006, assault. Mrs. Martin testified that Mrs. Elliot came to her home immediately following the assault. She testified that she only saw a red spot on Mrs. Elliot's shoulder. While this Court recognizes that an assault should never be tolerated or condoned, the assault in this case is not sufficiently severe to award Mrs. Elliot a divorce based on cruelty.

### B. *One Year Separate and Apart*

The evidence and testimony established that the parties have lived separate and apart without interruption or cohabitation since February 2, 2006. A trial court may grant a decree of divorce on the application of either party if and when the parties have lived separate and apart without any cohabitation and without interruption for one year. Va. Code § 20-91. Here, Mrs. Elliot prayed in her complaint for a divorce *a vinculo matrimonii* on the grounds that the parties have lived separate and apart in excess of one year. Since the statutory requirements have been satisfied, the Court grants a divorce on the basis that the parties have lived separate and apart in excess of one year pursuant to Va. Code § 20-91.

### II. *Equitable Distribution*

Virginia Code § 20-107.3(E) contains a number of requirements that this Court must follow in an equitable distribution case after determining title of the property: (1) to classify the property in dispute as either separate or marital or part separate and part marital; (2) assign a value to the property based upon evidence presented by the parties; and (3) distribute the property to the parties, taking into consideration the factors presented in Virginia Code § 20-107.3(E). To comply with § 20-107.3(E), this Court is required to

consider all relevant circumstances that led to the dissolution of the marriage insofar as those circumstances are germane to a monetary award. *Aster v. Gross*, 7 Va. App. 1, 5, 371 S.E.2d 833 (1988).

A. *The Dog*

In Virginia, dogs are considered to be the personal property of their owner. See Va. Code § 3.1-796.127. The Court finds Mr. Elliot's testimony credible in regards to his ownership of the family dog. The dog was a gift to Mr. Elliot from his mother. The dog has always lived with Mr. Elliot. Since the gift was only intended for Mr. Elliot, the Court finds that the family dog is separate property. See *Cousins v. Cousins*, 5 Va. App. 156, 159, 360 S.E.2d 882, 884 (1987) (holding that property received by a spouse via gift to be that spouse's separate property). For these reasons, the Court categorizes the family dog as separate property and awards the family dog to Mr. Elliot.

B. *The Wachovia Deed of Trust*

The parties jointly took out a deed of trust from Wachovia Bank for approximately $20,000. However in 2003, Mrs. Elliot filed for bankruptcy and, after a bankruptcy hearing, she was discharged from this debt. The evidence supports that Mrs. Elliot listed the deed of trust as a debtor and all interested parties received notice of the bankruptcy proceeding. Mr. Elliot argued that this court, despite the valid bankruptcy order, should apportion this debt equally between the parties since it was a marital debt. Essentially, Mr. Elliot asks this Court not to award full faith and credit to the Bankruptcy Court's judgment.

Virginia Code § 8.01-389(B) provides that "[e]very court of this Commonwealth shall give [records of any judicial proceedings] of courts not of this Commonwealth the full faith and credit given to them in the courts of the jurisdiction from whence they come." Va. Code. Ann. § 8.01-389(B). Full faith and credit requires that Virginia courts give foreign judgments "at least the same preclusive effect [they] would have been accorded in the rendering state." *Osborne v. Osborne*, 215 Va. 205, 207 S.E.2d 875 (1974). Accordingly, a "prior federal court judgment is accorded the preclusive effect in subsequent state litigation that the federal courts would have attached thereto." *Glasco v. Ballard*, 249 Va. 61, 64, 452 S.E.2d 854 (1995).

Mr. Elliot provided no evidence that he has appealed the federal bankruptcy Order. Additionally, he failed to provide any other basis why this court could collaterally attack and ignore the federal bankruptcy Order. Based

on the evidence, this Court finds that it is proper to give full effect to the Mrs. Elliot's bankruptcy Order and not allow Mr. Elliot to collaterally attack that Order. For this reason, the Court apportions the complete remaining balance of the Wachovia Deed of Trust to Mr. Elliot.

### C. *Marital Residence*

The Court finds that the marital residence is a marital asset. Virginia Code § 20-107.3 provides that any amount of division or monetary award of marital property shall be determined by a court after consideration of eleven statutory factors. This court has considered all eleven of these factors and discusses the more pertinent ones below.

The parties were married in 1984 and had two children, both of whom are now emancipated. Mr. Elliot was the primary financial provider of the family, and Mrs. Elliot remained at home with the children. The evidence supports that Mr. Elliot currently makes approximately $2,333 a month and Mrs. Elliot makes approximately $2,681, which includes the $460 that Mr. Elliot pays Mrs. Elliot in spousal support. The parties purchased the marital residence in 1986 after two years of marriage. The evidence indicates that the down payment and all subsequent monthly mortgage payments came from marital bank accounts.

Mr. Elliot argued that he contributed $15,000 of his separate money he earned prior to the marriage to the down payment. However, he did not provide any documentation to support this contention. Without any evidence substantiating this claim, the Court rejects this argument.

The Court rejects Mrs. Elliot's argument that she should be awarded 100% of the marital residence since she suffers from multiple sclerosis (MS), which prohibits her from working. While it is undisputed that Mrs. Elliot suffers from MS, the evidence did not support that her disability prevented her from working. Moreover, with spousal support, she currently makes as much money as Mr. Elliot each month.

Each party's current financial situation is similar and each will face adjustments after the dissolution of their marriage. The marital residence represents a twenty year old joint asset and investment and is the largest and most valuable marital asset. Each party is awarded 50% of the marital home's equity. Mrs. Elliot is awarded the use of the marital home but must purchase Mr. Elliot's interest in the home. Mrs. Elliot shall make an offer to purchase Mr. Elliot's 50% share of the home's equity within 45 days of this letter opinion. The buy out of Mr. Elliot's interest may be done either by cash buy out, by refinancing, or a combination of both. If the parties are unable to agree

upon a purchase price, then both parties may obtain separate appraisals and determine an appropriate sales price based upon an average of the two value appraisals.

## Attorney's Fees

The awarding of attorney's fees in a divorce action by a trial court is purely discretionary. Va. Code § 20-103; *Rowlee v. Rowlee*, 211 Va. 689, 690, 179 S.E.2d 461 (1971). Attorney's fees may be awarded if a party takes an unreasonable or untenable position which causes the opposing party to incur unnecessary legal expenses. See *Bonin v. Bonin* (2003), 2003 Va. Cir. LEXIS 181 (the husband was awarded attorney's fees because of the wife's conduct of walking out on multiple depositions and taking unreasonable and unacceptable legal positions that caused the husband to incur additional legal fees).

Here, the legal positions taken by the parties are not untenable or unreasonable. Additionally, the evidence did not establish that either party has caused the opposing party to incur unnecessary legal expenses. Therefore, the parties' requests for attorney's fees are denied.